# Ligget *against* Smith.

In *covenant* upon articles of agreement, by which the plaintiff contracted to build the brick work of a warehouse for the defendant, and failed to perform a part of the contract, in consequence of which the building was not so strong as stipulated, although not unfit for use, and was actually used after it was erected for its intended purpose, it was *held*, that the defect did not reach the entire consideration of the contract, and that the plaintiff could recover his demand, less a sum sufficient to compensate the defendant for the defect.

ERROR to the common pleas of *Alleghany* county.

This was an action of covenant, in which George Smith was plaintiff and Thomas Ligget defendant, below. It was brought on articles of agreement, dated the 12th of September 1830, by which the plaintiff below undertook to build the brick work of a warehouse for

the defendant. The articles contained the following clause : " and said Smith doth further agree to fill in all the brick work with mortar, or what is generally termed flushing in, or filling in all the openings in each corner of brick with mortar as they are laid." The plaintiff failed to fulfil this clause. It was proved that to lay the brick in the way indicated, would cost 50 cents more per thousand ; that it was never done except in building warehouses and other buildings intended for great burthen ; and that it added permanency and strength to the building. It continued to be occupied, after its erection, as a warehouse by the defendant's tenants.

Under the charge of the court below (Shaler, president), the jury rendered a verdict of 57 dollars 58 cents in favour of the plaintiff.

The following errors were assigned.

1. The court erred in not charging the jury that the defect in the performance of the contract was a matter of substance, without the fulfilment of which the plaintiff had no right to recover.

2. In charging the jury that although it was admitted the flushing in would have added strength to the building, which being intended for a warehouse needed strengthening, it was to be left to them to compensate the defendant in damages, deducting them from the plaintiff's claim.

*Fetterman,* for plaintiff in error, contended, that the plaintiff below could not recover in covenant, until the work was finished and the contract fully performed. Shaw *v.* Turnpike Company, 3 *Penns. Rep.* 445 ; Pedan *v.* Hopkins, 13 *Serg. & Rawle* 45 ; Conyngham *v.* Morrell, 10 *Johns. Rep.* 203 ; M'Millan *v.* Vanderlip, 12 *Ibid.* 165 ; Thorpe *v.* White et al., 13 *Ibid.* 53 ; 2 *Saund.* 352, *note* 3.

*Metcalf,* with whom was *Burke,* for defendant in error, contended, that contracts were seldom strictly performed, and that the slight defect in the performance of the contract in the present case could not defeat the action. 1 *Wheat. Selw.* 385.

The opinion of the Court was delivered by

GIBSON, C. J.—Previous to the decision of Boone *v.* Eyre, 1 *H. B.* 273, *note* (*a*), it seems to have been taken that nothing less than entire performance of a mutual covenant would entitle the party to his action for a breach on the other side. In that case, however, a more reasonable and just rule was adopted, by which a mutual or dependent covenant, which goes but to a part of the consideration on both sides, and whose breach may be compensated in damages, is to be treated exactly as if it were separate and independent. This is distinctly the principle ; and it has been established by a train of decisions both in England and this country, which it is unnecessary to quote. Then apply it to the circumstances of our case. The plaintiff had covenanted to build a warehouse for the defendant, and " to fill in all the brick work with mortar, or what is usually termed

[Ligget v. Smith.]

flushing in, or filling in all the openings at each corner of the bricks with mortar as they are laid." The warehouse was built; but it appeared that all the courses were not flushed in according to the contract; and that the want of it detracted from the strength of the building, which was necessarily destined to the bearing of unusual burthens. Did then this covenant go to the whole of the consideration, or but to a part of it? That it went but to a part is shown by the fact that it has been used as a warehouse since; and if it were entirely unfit for the original purpose, that ground of defence should have been taken at the trial, and the fact have been required to be put to the jury. The point however was not made, and we are to consider the case as if it could not have been successfully made. The result is, that as the building as finished was not unfit for the use to which it was destined, though less fit than it was stipulated to be, the imperfection in its construction did not reach the entire consideration, and that the plaintiff was properly allowed to recover his demand; less, a sum sufficient to compensate his defective execution of the contract.

Judgment affirmed.