12     73
41SC 2315

### WILLIAM TRUESDALE *v.* WILLIAM. M. WATTS.

1. A promissory note held by one of the parties to a contract against the other, and mentioned in the contract as to be taken in part payment of the work covenanted to be completed for the holder, is not merged in the contract, and the holder can maintain an action upon it.

2. In a suit upon a note so held, the defendant may set off the substantial completion of his work, but the plaintiff may recover compensation in damages for such part of the work as was not fully completed.

ERROR to the Common Pleas of Erie.

*Sept.* 26. This was case by Wm. M. Watts, upon a promissory note, by which William Truesdale, the defendant, promised to pay to Watts or bearer, two years after 10th October, 1844, eleven hundred dollars, without defalcation, for value received. The pleas were *non assumpsit* and set-off.

On the 24th December, 1844, Watts and Truesdale entered into an agreement for the construction of a wharf and pier for the former by the latter. The agreement specified precisely the dimensions and character of the work, for which Watts agreed to pay $2000; of which sum the note of 10th October, 1844, was to be taken as part, and the balance in certain bonds, to be paid when the work was fully completed. If the work was delayed, or not prosecuted with such vigour as to insure its completion by a certain day, then Watts might enter upon and complete it at Truesdale's expense, and the moneys so expended were to be liquidated damages.

Truesdale relied, in this suit, upon his performance of the contract, as a defence, and gave evidence to show how he had built the wharf and pier.

The plaintiff gave rebutting evidence to show that the work settled considerably, and was not built as high as had been agreed upon; that in consequence of its not being finished, when contracted to be, he had lost an opportunity to rent it to better advantage than he had afterwards done.

T. had received one hundred dollars more in bonds than had been agreed upon; these one hundred dollars were paid to him in January, and were, according to the plaintiff's evidence, given to T. with the nine hundred, because he wanted one thousand then, and said he would make it right with Watts. T. alleged that these one hundred dollars were additional compensation, and produced a witness, Dunlop, who testified that on 1st March, W., coming to the work,

directed it to be made higher than it was, when witness said that T. would lose on the contract.    W. said, I give him twenty-one hundred dollars because of the expense he has been at in building.

Defendant requested the Court to charge the jury that the note of 10th October, 1844, being specifically mentioned in the contract in evidence, as part payment of the consideration of said contract, is merged in said contract, and that the plaintiff therefore should have declared on the contract, and cannot sustain an action on the note.

The Court below (CHURCH, President) answered this point in the negative, and charged as to the one hundred dollars, that, in any case, the plaintiff was entitled to recover that, with interest; that the promise with regard to it was destitute of consideration, a mere *nudum pactum*, and not binding on plaintiff.

Verdict for plaintiff for three hundred and seventy-seven dollars.

Of the assigned errors, all were abandoned, except those to the above answer and to so much of the charge as related to the one hundred dollars.

*Walker*, for plaintiff in error.—There was a sufficient consideration to make the promise by W. binding upon him, particularly as the money had been paid: Story on Contracts, §§ 115, 118, 130, 132; Hind *v.* Holdship, 2 Watts, 104; Austin *v.* McClure, 4 Dall. 226.

*Babbitt*, contrà.

The opinion of this Court was delivered by

COULTER, J.—The note for $1100 was not merged in the agreement of 24th Dec., 1844.    The note was to go in payment *pro tanto* of the work which Truesdale covenanted to erect and complete by that agreement.    But it was not to be extinguished or paid if the job was never completed.    Truesdale could not have maintained an action on the contract without substantially completing it, and of course he could not offset the work unless the job was substantially completed.    There is a stipulation in the contract that, if Truesdale does not complete the job, Watts may enter and complete it himself, charging for all the work which he shall be under the necessity of doing, and that he shall in such event deduct the amount from the stipulated price.    The Court leave it fairly to the jury to determine whether the work was substantially performed or not, and instruct them they may allow an offset if it is so done,

but compensating the plaintiff in damages for such part as was not fully completed. This was answering the defendant's point as favourably as he could reasonably expect, and there was no error in law as against him. The aspect in which the case was put to the jury enabled them to do justice in the whole controversy.

There is nothing in the other error. There was no consideration whatever, for the declaration of Watts, for promise it cannot be called, that he would allow an additional hundred dollars if Truesdale would complete the work, by putting certain logs on the piers; and it is evident from the testimony of Dunlop, the witness to whom the declaration was made, that Truesdale did not expect it. It was a voluntary declaration, made in a loose conversation with the witness, and not communicated till after the logs were put on, which it seems that Truesdale considered part of the job.

Three other errors are assigned, which were withdrawn on the argument.

Judgment affirmed.