# WARD vs. NEAL.

[ACTION FOR DAMAGES FOR OBSTRUCTION OF ANCIENT LIGHTS.]

1. *Demurrer to complaint containing good and bad counts.*—A demurrer to an entire complaint, containing several counts, should be overruled entirely, if any one of the counts is good.

2. *Sufficiency of complaint for obstructing ancient windows.*—An averment that the plaintiff was possessed of a dwelling-house, in which " there were, and still of right ought to be, four *ancient* windows, through which the light and air, during all the time aforesaid, ought to have entered, and still of right ought to enter into the said dwelling-house," &c., does not confine the plaintiff to proof of a right founded solely on prescription, but is broad enough to admit proof of a right founded upon grant, covenant or agreement, or upon adverse enjoyment for the period prescribed as a bar to actions for the recovery of land.

3. *Easement founded on adverse enjoyment.*—Authorities cited on the question, whether a right to have ancient windows unobstructed can, in this country, arise from mere uninterrupted enjoyment for the period prescribed by the statute of limitations as a bar to actions for the recovery of land.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. S. D. HALE.

THE first count of the complaint in this case (Joseph Ward *vs.* George W. Neal) was in the following words:

"The plaintiff claims of the defendant one thousand dollars damages, for that whereas, the said Joseph Ward, before and at the time of the committing of the grievances hereinafter mentioned, was, and from thence hitherto has been, and still is, lawfully possessed of a certain dwelling-house, with the appurtenances, situate and being in the town of Huntsville in said county; in which said dwelling-house, during all the time aforesaid, there were, and still of right ought to be, divers (to-wit, four) ancient windows, through which the light and air, during all the time aforesaid, ought to have entered, and still of right ought to enter into said dwelling-house, for the convenient use, occupation and enjoyment thereof: Yet the said George W. Neal, well knowing the premises, but contriving and wrongfully and unjustly intending to injure plaintiff, and to deprive him of the use, benefit and enjoyment

of the said windows, and to annoy and incommode him in the use, possession and enjoyment of the said dwelling-house, with the appurtenances, heretofore, to-wit, on the — day of —, 1856, wrongfully and injuriously erected and raised, and caused and procured to be erected and raised, a certain fence near to the said windows, and wrongfully and injuriously kept and continued the said fence, so erected and raised, for a long space of time, to-wit, from the day and year aforesaid hitherto; by means of which premises, the said dwelling-house, with the appurtenances, during all the time aforesaid, was, and still is, greatly disturbed, and the light and air hindered and prevented from coming and entering, into and through the said windows, into the said dwelling-house, and the same hath thereby been rendered and is close, uncomfortable, and greatly impaired in value; and the plaintiff hath thereby been, and still is, greatly annoyed and incommoded in the use, possession and enjoyment of his said dwelling-house and appurtenances; to plaintiff's damage one thousand dollars."

The second count requires no particular notice. The defendant demurred to the complaint, "in short by consent," on the following grounds: "1st, that said complaint does not show that defendant entered or committed any trespass upon plaintiff's premises; 2d, that it does not show any wrong done to the plaintiff's premises; 3d, that it does not show any cause of action in the plaintiff; and, 4th, that it shows no injury done to the plaintiff's property." The circuit court sustained the demurrer, and its ruling is now assigned as error.

HUMPHREYS & TRACY, for appellant.—1. That the complaint shows a good cause of action, and is in proper form, see 1 Chitty's Pleadings, m. p. 367; 2 ib. 379–80, and cases cited in notes; 3 Term R. 159; 6 East, 215; 4 Esp. 70.

2. That adverse possession of an easement, for the period prescribed as a bar to real actions, gives a right, for the disturbance of which an action lies, is a principle well settled in England.—Lewis v. Price, 2 Wm. Saunders,

175; Dougal v. Wilson, 2 *ib.* 175; Campbell v. Wilson, 3 East, 294; Bealey v. Shaw, 6 East, 208; Daniel v. North, 11 East, 372; 1 Camp. 463; 4 Barn. & Ald. 578; 2 Barn. & Cr. 686; 2 Brod. & Bing. 667; 4 Burr. 1962. In the United States, this rule has been frequently recognized and affirmed, though there has been some difference of opinion, in its application to air and lights, as to what was necessary to constitute an adverse enjoyment. 3 Kent's Com. 443; Augell on Adverse Possession, 92; 19 Wendell, 309; 5 Rich. 312. That the English rule has been adopted in Alabama, see Ray v. Lynes, 10 Ala. 66; Stein v. Burden, 24 Ala. 148.

3. But the complaint in this case, the allegations of which are admitted by the demurrer, does not necessarily raise the question of adverse enjoyment, since the easement might be founded on grant or covenant.

4. Whether a possession is adverse, is a question of fact, to be determined by the jury under the charge of the court.—2 Wm. Saunders, 175; 3 East, 294; 2 Brod. & Bing. 667; Angell, 44–5.

WALKER & BRICKELL, *contra.*—1. The averment that the windows were *ancient,* is equivalent to an assertion that the plaintiff's right to preserve them unobstructed depended, not on grant, covenant or agreement, but on the length of time he had used and enjoyed them.—Penwarden v. Ching, 22 Eng. Com. Law, 340. The question presented, therefore, is, whether an action lies for the erection of a fence, whereby light and air are obstructed, no trespass being alleged. That such action does not lie, unless the lights were ancient, or acquired by grant, was expressly decided in Mahan v. Brown, 13 Wendell, 261.

2. The English doctrine, that the notorious and uninterrupted use of windows, for the period of time prescribed by the statute of limitations as a bar to actions for the recovery of lands, raises the presumption of a grant, covenant or agreement, under which they were opened, and, unless the presumption is contradicted, is sufficient evidence upon which to base an action for their obstruction, does not prevail in this country.—Pierre v.

Fernald, 26 Maine, 436; Parker v. Foote, 19 Wendell, 309; Myers v. Gemmel, 10 Barbour, 537; Napier v. Bulwinkle, 5 Rich. L. 311; Cherry v. Stein, 11 Md. 21; Ingraham v. Hutchinson, 2 Conn. 597.

R. W. WALKER, J.—The only question which the assignments of error present for our consideration is as to the sufficiency of the complaint. The demurrer was to the entire complaint, and not to each count separately. If either count sets forth a good cause of action, the demurrer should have been overruled.

[2.] The first count alleges, that the plaintiff was lawfully possessed of a certain dwelling-house, in which "there were, and still of right ought to be, four ancient windows, through which the light and air, during all the time aforesaid, ought to have entered, and *still of right ought to enter* into the said dwelling-house," &c. Unless the introduction of the word ' ancient,' into the description of the windows, has the effect of confining the plaintiff to proof of a right founded solely upon the long, *uninterrupted* enjoyment of the lights, there cannot be a doubt that the allegations of this count are broad enough to let in evidence of a right, founded either upon *adverse* enjoyment for the period prescribed as a bar to actions for land, or upon grant, covenant, or agreement. In all other respects except the use of the word ' ancient,' this count follows the most approved form of a declaration so framed as to authorize proof of *any* legal right in the plaintiff to the unobstructed enjoyment of the lights.—1 Chitty's Pl. 380–1; 2 Chitty's Pl. 769–70; 2 Saunders' R. 113 (*b*.;) Gerber v. Grabel, 16 Ill. 217, 224; 12 Mass. 159.

It is insisted, however, that the designation of the windows as ' ancient,' is equivalent to an averment that the plaintiff's right to preserve them unobstructed depends, not upon grant, covenant, or agreement, nor even upon *adverse* enjoyment, but solely upon the *uninterrupted* enjoyment of them for a long time. If this were so, the declaration would seem to assert a title founded on *prescription ;* that is, on the use and enjoyment of them for a time whereof the memory of man runneth not to the

contrary. However improbable it may be that a right to
this or any other easement should arise in this way in this
country, we are not prepared to say, that a declaration
alleging such a right, and its disturbance by the defend-
ant, would not be considered good on demurrer.—See
Gerber v. Grabel, 16 Ill. 221. The modern English doc-
trine, authorizing the presumption of a right to lights
after an undisturbed enjoyment of them for the period
prescribed as a bar to actions for the recovery of land,
must not be confounded with the common-law title by
*prescription*, which depended on immemorial usage.—
19 Wend. 312; 16 Ill. 217, 221.

But we cannot assent to the argument which assigns
such an effect to the use of the word 'ancient.' Certainly,
the mere fact that the windows are styled ancient, cannot
so far narrow the scope, or alter the ordinary legal mean-
ing of the other allegations of the complaint, as to confine
the plaintiff to proof of a right arising from long and
uninterrupted user. The windows may be ancient, and
yet the plaintiff may have a right to the unobstructed
enjoyment of them by grant from the servient owner.

[3.] Adopting this view of the complaint, it is obvious
that the question raised by counsel, whether the right to
this kind of easement can arise from the mere unobstruct-
ed enjoyment of it for the period prescribed by the statute
of limitations as a bar to real actions, does not properly
arise on this record; and we will not now decide it. On
this subject, see Angell Adv. Enj. 46, 92; 2 Saunders'
R. 175, &c.; Gale & W. on Easements, 191; 1 Esp. R.
148; Daniel v. North, 11 East, 371; 3 Kent, 448; Parker
v. Foote, 19 Wend. 309, 314–15; Myers v. Gemmel,
10 Barb. 537; Napier v. Bulwinkle, 5 Rich. Law, 311;
Pierre v. Fernald, 26 Maine, 436; Cherry v. Stein,
11 Maryland, 1; Ingraham v. Hutchinson, 2 Conn. 597;
Gerber v. Grabel, 16 Ill. 217; Atkins v. Chilson, 7 Metc.
398; Hoy v. Sterrett, 3 Watts, 331; Banks v. Am. Tr.
Soc., 4 Sandf. Ch. 464; Robinson v. Pettinger, 1 Green's
Ch. R. 61; Manier v. Myers, 4 B. Monroe, 520; Ray v.
Lynes, 10 Ala. 63; Stein v. Burden, 24 Ala. 148.

It follows from what has been said, that the court erred in sustaining the demurrer to the complaint. We have not considered the sufficiency of the second count.

Judgment reversed, and cause remanded.