## Parker v. Shoemaker, Appellant.

*Contract—Set-off—Storage warehouse—Tort—Breach of contract.*

1. In an action by the owner of a storage warehouse to recover for hauling, cleaning and storage of personal property, where the plaintiff claims that he delivered the goods to an address stated, an affidavit of defense is not vague and indefinite which avers that the goods were not delivered at the address stated "nor to any other place."

2. In such a case an affidavit of defense is sufficient which avers that the value of the property which the plaintiff failed to return was greater than the amount which he claimed. The claim set up by the affidavit is not a claim of set-off, but is a claim for a breach of the contract to redeliver the goods, and this is sufficient to prevent recovery, since the amount is greater than the claim of the plaintiff.

Argued Dec. 15, 1910.   Appeal, No. 277, Oct. T., 1909, by defendant, from order of C. P. No. 3, Phila. Co., June Term, 1909, No. 2,259, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Gilbert P. Parker, trading as the Northwest Storage and Trust Company, v. John V. Shoemaker.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Reversed.

Assumpsit for hauling, cleaning and storing property.

From the record it appeared that the amount of the claim was for $58.25.   The defendant filed an affidavit of defense in which he averred, inter alia, as follows:

That it is true that the defendant requested the plaintiff to deliver the goods placed with the plaintiff on storage as aforesaid, at 4226 Pine street, Philadelphia, but it is not true, as set forth in plaintiff's statement of claim, that the plaintiff did deliver said goods to 4226 Pine street, Philadelphia, but, on the contrary, failed and neglected to deliver to defendant at 4226 Pine street the lot of bric-a-brac and cut glass, a list of which deponent attached to his affidavit of defense filed in above case, and made part thereof.   That the plaintiff did not deliver said lot of bric-a-brac and cut glass which had been delivered to the plaintiff for the purpose of hauling and storing either at 4226 Pine street, or at any other place, but, on the contrary, although the plaintiff received said goods, the plaintiff failed to deliver them to the defendant either at 4226 Pine street, or at any other place.   That the plaintiff, his duties as a keeper of a storage warehouse wholly neglecting, failed to return the said lot of bric-a-brac and cut glass, a list of which is set forth in the original affidavit of defense.   That said goods were reasonably of a market value of $200, and, although often requested, the plaintiff has failed to deliver them to the defendant, and did not deliver them at 4226 Pine street, and has since failed and refused to deliver them to the defendant.   Deponent is not, therefore, indebted to the plaintiff in the amount of

his claim, or in any other sum whatever, but, on the contrary, the plaintiff is indebted to the defendant for the value of said goods which he took away.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*William A. Carr,* with him *W. Horace Hepburn* and *Sidney L. Krauss,* for appellant.—A warehouseman cannot recover for charges if he has not returned a portion of the goods, and the defendant can put the matter in by way of defense by showing that there had been a failure of consideration, and that the plaintiff had not made such a performance of his contract as would entitle him to recover.  This is an equitable defense, differing from a claim for set-off.  That such is the law in Pennsylvania is decisively settled by the following cases: Glennon v. Lebanon Mfg. Co., 140 Pa. 594; Leech v. Baldwin, 5 Watts, 446; Heck v. Shener, 4 S. & R. 249; Pownall v. Bair, 78 Pa. 403.

*L. W. Baxter,* for appellee.

Opinion by Beaver, J., March 3, 1911:

Plaintiff claimed for the hauling, cleaning and storage of certain personal property.  Defendant admitted the claim, but alleged that a portion of the property taken out of his possession had not been returned and that the value of the property which the plaintiff failed to return was greater than his bill and that he, therefore, had a defense for an amount greater than the plaintiff's claim.

The affidavit raises a simple question of fact.  It is clearly raised and it seems to us that the affidavit is sufficient to raise a question for a jury and that the rule for judgment for want of a sufficient affidavit of defense should have been discharged.

The appellee claims that the affidavit alleges too much. That it was only necessary to say that the plaintiff did not deliver the goods to No. 4226 Pine St., Philadelphia. This is alleged but it is added "nor to any other place." We cannot see that the addition makes the affidavit either vague or uncertain.

It is claimed by the plaintiff that the claim of the appellant is based upon a tort and is, therefore, not the subject of set-off. This is perhaps strictly true, but there is no claim of set-off. The claim is for a breach of the contract to redeliver the goods, and this we think is sufficient to prevent a recovery, when the amount is greater than the claim of the plaintiff. As was said in Leech v. Baldwin, 5 Watts 446, "The defendant cannot give evidence of a breach of contract in a different transaction on which unliquidated damages might be due to him; but he may give evidence of nonfeasance or misfeasance by the plaintiff in the matter which is the cause of the action trying, not as a setoff, strictly, but for the purpose of defeating in whole or in part the plaintiff's cause of action. Gogel v. Jacoby, 5 S. & R. 117."

The defendant makes no claim for a balance in his favor, but simply claims that he is not indebted to the plaintiff. If such a claim were made at the trial, it is doubtless true that, under the authority of Deihm v. Snell, 119 Pa. 316, no judgment would probably be entered upon a certificate in his favor rendered by the jury; but this is not the claim and the facts contained in the affidavit, if made good at the trial, would only extinguish the amount claimed by the plaintiff.

The affidavit, therefore, seems to us to be good and the rule for judgment for want of a sufficient affidavit of defense should have been discharged.

Judgment reversed and a procedendo awarded.