# Pressy *v.* McCornack, Appellant.

*Contract—Building contracts—Substantial performance—Province of court and jury.*

1. Where a party acting honestly, and intending to fulfill his
contract, performs it substantially, but fails in some comparatively
unimportant particulars, the other party will not be permitted to
enjoy the fruits of such imperfect performance without paying a
fair compensation according to the contract, receiving a credit for
any loss or inconvenience suffered.

2. There must in every case be substantial performance of the
contract, and unless there be substantial compliance, there can be
no recovery; but, whether there has been substantial performance,
depends upon the character of the changes or alterations com-
plained of, whether they materially affect the completed structure
and were in good faith honestly intended to fulfill the contract.
Whether the party acted in good faith, and whether the departures
were material are generally questions for the jury. This is always
true if the facts relating to the good faith of the plaintiff and the
materiality of the changes or alterations are in dispute.

3. In an action to recover a balance on a building contract where
there is evidence, although disputed, that the owner had author-
ized the contractor to lower the elevation of houses which were be-
ing built under the contract, and as a consequence certain changes
in the cellar windows followed as a necessary consequence, the
question of substantial compliance is for the jury.

4. Such a case is also for the jury where an explanation of
a failure to provide certain joists of the size specified is consistent
with an honest intention to faithfully perform the contract, and
the evidence shows that this defect was easily remedied.

*Contract—Building contract—Time limit—Delay.*

5. Where a building contract provides a time limit, but the contractor after the expiration of the time limit, has been permitted to continue the work and receives payment therefor, the owner will be deemed to have waived the provision as to the time limit.

6. In an action to recover a balance on a building contract, where the owner claims deductions for delay, and the contractor sets up a waiver of the penalty for delay by the owner, the court does not commit reversible error in refusing a point which amounted to binding instructions to make the deduction claimed without reference to whether the owner had made any objection to the delay, or by his conduct, had given the contractor grounds for believing that the penalty for delay would not be enforced.

Argued Feb. 6, 1912. Appeal, No. 180, Jan. T., 1911, by defendant from judgment of C. P. Chester Co., Oct. T., 1908, No· 13, on verdict for plaintiff in case of Sheridan Pressey, to the use of Stacy G. Glauser and Edwin D. Glauser, trading as Stacy G. Glauser & Son v. Herbert McCornack. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover a balance alleged to be due on a building contract. Before HEMPHILL, P. J.

At the trial it appeared that the case turned on whether the contract had or had not been substantially performed.

Defendant presented these points:

4. It was proved in this case that the houses in question were 16 inches, or thereabout, lower than the contract required them to be; that one cellar window was wholly omitted from each house, and another cellar window therein was less in size than the contract required, and that no double joists whatever were placed under the first floor; that said omissions and alterations were without consent of McCornack and without excuse; that the same substantial omissions from and alterations of the contract, and the plaintiffs therefore cannot recover any part of the unpaid balance of the contract price in the contract mentioned.

Answer: That assumes the finding of certain facts that I think, some of them at least, are in question, and which are for the jury to determine, and for that reason I must refuse that point. The questions there raised I think are for the jury and not for the court. [1]

5. Under all the evidence in this case there can be no recovery of any balance of the contract price agreed upon in the contract between McCornack and Pressey for the construction of the houses in question.

Answer: That point is also refused. [2]

8. If the jury find that the eleven houses, or any of them, which were the subject of the contract between Pressey and McCornack, were not completed before December 1, 1906, McCornack is entitled, as against these plaintiffs, to the sum of $12.00 per month for each house not completed by December 1, 1906, for such period as shall have elapsed between December 1, 1906, and the time when said houses, or such of them as were not then completed, were completed, and such sum McCornack could set off against any of the claim of the plaintiffs in this action.

Answer: That point is refused. [3]

Verdict and judgment for plaintiff for $2,615.68. Defendant appealed.

*Errors assigned,* were (1-3) above instructions quoting them.

*A. M. Holding,* for appellant.—The uncontradicted evidence in this case showed that the contractor wholly, without excuse, departed from the requirements of his contract in four material features, and the defendant was therefore entitled to instructions that no recovery of the balance of the contract price could be had: Bryant v. Stilwell, 24 Pa. 314; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Harris v. Sharples, 202 Pa. 243.

The court below erred in refusing to affirm the eighth

point of the defendant upon the question of damages for
failure to complete the houses, and in failing to give any
instructions whatever to the jury upon the question:
Lichetti v. Conway, 44 Pa. Super. Ct. 71; Streeper v.
Williams, 48 Pa. 450; Clements v. R. R. Co., 132 Pa.
445; Burgoon v. Johnson, 194 Pa. 61; Emery v. Boyle,
200 Pa. 249; Davis v. LaCross Hosp. Assn., 121 Wisconsin 579 (99 N. W. Repr. 351); March v. Allabough, 103
Pa. 335; Small v. Burke, 92 N. Y. App. Div. 338 (86 N.
Y. Supp. 1066).

*Thomas W. Pierce,* for appellee.—A plaintiff who has
substantially and bona fide complied with the covenants
on his part, in a written contract, is not precluded by
slight omissions from receiving a fair compensation according to his contract, where the breaches can be paid
in damages: Cited Chambers v. Jaynes, 4 Pa. 39; Preston v. Finney, 2 W. & S. 53; Pepper v. Philadelphia, 114
Pa. 96; Snedaker v. Torpey, 41 Pa. Super. Ct. 312.

Where a building contract provides for a deduction of
a stated amount from the contractor's compensation for
each day of delay after a time specified, the owner cannot claim such deduction, where he has made no objection to the delay, and by his conduct has given the contractor grounds for believing, that the provisions of the
contract as to the penalty for delay would not be enforced: Coryell v. Bubois Borough, 226 Pa. 103; Philadelphia v. Tripple, 230 Pa. 480.

OPINION BY MR. JUSTICE ELKIN, March 18, 1912:

The primary question for determination is whether
the equitable doctrine of substantial performance under
the terms of a building contract should be applied to the
facts of the present case. The rigid rule as to strict performance may primarily be regarded as the law of Pennsylvania, but in many cases it has been relaxed in favor
of the more equitable doctrine. While the cases in which
substantial performance was held to apply may be said

to be an exception to the rule, the exception is as well established as the rule itself. The doctrine was first announced by the English courts in Boone v. Eyre, 1 H. Black 273, and was adopted by this court as far back as Ligget v. Smith, 3 Watts 331. In Preston v. Finney, 2 W. & S. 53, it was held, in an action upon a written contract to recover for services performed, that failure to perform in slight particulars will not defeat a recovery, if, it appears that the plaintiff acted with a bona fide intention of performing the whole contract, and the other contracting party received the fruits of the work done. Following these cases this court decided in Chambers v. Jaynes, 4 Pa. 39, that a plaintiff who had substantially and bona fide complied with the covenants of a written contract, is not precluded by slight omissions from receiving a fair compensation according to the terms of the contract, if the breaches can be compensated in damages. Mr. Justice BELL in discussing the equitable doctrine of substantial performance in Danville Bridge Co. v. Pomroy, 15 Pa. 151, said: "Where a party, acting honestly, and intending to fulfill his contract, performs it substantially, but fails in some comparatively unimportant particulars, the other party will not be permitted to enjoy the fruits of such imperfect performance without paying a fair compensation according to the contract, receiving a credit for any loss or inconvenience suffered. And, perhaps, it may be asserted, that where a thing is so far perfected as to answer the intended purpose, and it is taken possession of and turned to that purpose by the party for whom it is constructed, no mere imperfection or omission, which does not virtually affect its usefulness, can be interposed to prevent a recovery, subject to a deduction for damages, consequent upon the imperfection complained of." There has been no departure from the rule stated in the foregoing cases, indeed, it has been recognized and approved in many subsequent cases. See Pepper v. Philadelphia, 114 Pa. 96; Gallagher v. Sharpless, 134 Pa. 134;

Holmes v. Oil Company, 138 Pa. 546; Filbert v. Philadelphia, 181 Pa. 530. While the rule must be regarded as settled, it is often difficult to determine, whether under the facts of a particular case, it should be applied.

There must in every case be substantial performance of the contract, and unless there be substantial compliance, there can be no recovery; but, whether there has been substantial performance, depends upon the character of the changes or alterations complained of, that is to say, do they materially affect the completed structure and were they in good faith honestly intended to fulfill the contract. Whether the party acted in good faith, and whether the departures were material are generally questions for the jury: Truesdale v. Watts, 12 Pa. 73; Pallman v. Smith, 135 Pa. 188; Cosgrove v. Cummings, 190 Pa. 525. This is always true if the facts relating to the good faith of the plaintiff and the materiality of the changes or alterations are in dispute. On the other hand, if the undisputed testimony shows a substantial variance, not authorized by the owner, and made without his knowledge or assent, it is the duty of the court to so declare as a matter of law: Harris v. Sharples, 202 Pa. 243. In the present case the facts are disputed, and, in our opinion, the learned court below committed no error in submitting to the jury the questions upon which the rights of the parties depend. Under the evidence it was a fair question whether the appellant had authorized the contractor to lower the elevation of the houses so as to better suit the contour of the ground upon which they were located. We must assume that the jury found this fact in favor of the contractor, and if this change was authorized, or assented to, the changes in the cellar windows, followed as a necessary consequence. The explanation of the failure to provide certain joists of the size specified is consistent with an honest intention to faithfully perform the contract and the evidence shows that this defect was easily remedied. On all these questions the case was for the

jury. It was submitted by the learned trial judge in a charge free from just criticism, at least so far as the question of substantial performance was involved.

The third assignment raises a different question. It is contended that the learned trial judge committed reversible error in refusing to affirm the eighth point of the defendant upon the question of damages for failure to complete the houses at the time specified in the contract, and in failing to give any instructions to the jury upon this question. We cannot agree that the point should have been affirmed as submitted, because it assumed as a fact, that appellant had neither expressly, nor impliedly, by his acts waived this provision of the contract, and that the contractor had no justification for the delay in completing the houses. The point amounted to binding instructions to make the deductions claimed without reference to whether the owner had made any objection to the delay, or by his conduct, had given the contractor grounds for believing that the penalty for delay would not be enforced. It was held as late as Philadelphia v. Tripple, 230 Pa. 480, that where a building contract provides a time limit, but the contractor after the expiration of the time limit has been permitted to continue the work, and receives payment therefor, the owner will be deemed to have waived the provision as to the time limit. To the same effect is Coryell v. Dubois Borough, 226 Pa. 103. It would have been better practice to have submitted this question to the jury, under proper instructions by the court, but the trial judge in the case at bar was not bound to affirm a point which did not fully and correctly state the law under the facts. The evidence shows that six different payments were made on account from December 7, 1906, to February 1, 1908. All of these payments were made after the time limit had expired, and there is no evidence to show that appellant made any objection to the delay. Under these circum-

stances an affirmance of the point in question would not have correctly stated the law.

Assignments of error overruled and judgment affirmed.