## Smyers *v.* Zmitrovitch, Appellant.

*Contract—Building contract—Substantial performance.*

1. The equitable right to recover on the ground of substantial performance involves an honest effort on the part of the contractor to fully comply with the strict terms of the contract resulting in minor defects which do not seriously injure the other party to the contract.

2. Where a builder contracts to place building paper between the siding and the sheeting boards of a house, and he neglects to do so as to a material portion of the house, and subsequently willfully refuses to place the paper in accordance with the contract, he cannot invoke the protection of the rule of substantial compliance. In such a case it is immaterial that the owner may have paid half of the contract price, and when the builder claimed that his contract was completed, took possession of the house.

Argued Oct. 28, 1913. Appeal, No. 258, Oct. T., 1912, by defendant, from judgment of C. P. Clearfield Co., Dec. T., 1911, No. 209, on verdict for plaintiff in case

of George Smyers v. Christ Zmitrovitch. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit on a building contract. Before A. O. SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial defendant presented the following points all of which were refused:

1. That under the pleading, the law and the evidence the plaintiff cannot recover and the verdict must be for the defendant.

2. In order for the plaintiff to recover at all he must show a compliance with the terms of the contract; he having admitted that he purposely refused and neglected to perform a portion of the contract he cannot recover.

3. The contract is an entire contract and provides that the payment now sued for shall be payable when the entire work is completed in accordance with the provisions hereof. He, not having complied with all the terms thereof, cannot recover.

*Error assigned* was refusal of above points, quoting them.

*A. L. Cole,* with him *John C. Arnold,* for appellant, cited: Gillespie Tool Co. v. Wilson, 123 Pa. 19; Morgan v. Gamble, 230 Pa. 165; Hartman v. Meighan, 171 Pa. 46.

*W. C. Pentz,* for appellee, cited: Pressy v. McCormick, 235 Pa. 443; Danville Bridge Co. v. Pomroy, 15 Pa. 151; Smith v. Piano Co., 239 Pa. 496.

OPINION BY MORRISON, J., December 8, 1913:

This is a scire facias sur mechanic's lien and the issue was whether or not the plaintiff was entitled to recover

an alleged balance due him for building a small dwelling house for defendant on the ground of a substantial performance of his contract by the former. It was proved that the contract required plaintiff to place building paper between the siding and the sheeting boards of the house and it is conceded that this was not done as to a material portion of the house, and when the defendant called the plaintiff's attention to this omission and failure to comply with the terms of the contract the plaintiff flatly refused to remove the siding and put the paper on as he had agreed to do. The learned trial judge submitted the question to the jury as to whether or not there was such a substantial performance by the plaintiff as would entitle him to recover the contract price less a reasonable deduction on account of the failure to fully perform. We think the learned trial judge erred in so submitting the case to the jury. The equitable right to recover on the ground of substantial performance involves an honest effort on the part of the contractor to fully comply with the strict terms of the contract resulting in minor defects which do not seriously injure the other party to the contract. But in this case there was an intentional refusal of plaintiff to place building paper on a material portion of the house. In such case it was serious error to permit the jury to find substantial performance and attempt to make the defendant good by allowing him a few dollars damages. This view is fully sustained by the following cases: Gillespie Tool Co. v. Wilson, 123 Pa. 19; Hartman v. Meighan, 171 Pa. 46; Morgan v. Gamble, 230 Pa. 165. In Gillespie Tool Co. v. Wilson, 123 Pa. 19, it is said: "The equitable doctrine of substantial performance is intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contracts in all material and substantial particulars, so that their right to compensation may not be forfeited by reason of mere technical, inadvertent, or unimportant omissions or defects. It is in-

cumbent on him who invokes this protection to present a case in which there has been no willful omission or departure from the terms of his contract. If he fails to do so, the question of substantial performance should not be submitted to the jury."

Plaintiff's failure to fully perform his contract was not only proved but he fully admitted his refusal to put building paper on a part of the house.

It is contended by plaintiff's learned counsel that the judgment should be affirmed because the defendant paid half of the contract price and when plaintiff claimed that his contract was completed, defendant took possession of the house. Counsel cites Pressy v. McCornack, 235 Pa. 443, and Smith, Trustee, v. Cunningham Piano Co., 239 Pa. 496. But we see nothing in those cases that will sustain the trial judge in allowing the present case to go to the jury. The defendant had paid about half of the contract price and he probably needed his house, and we are of opinion that taking possession of it did not waive the willful refusal of the plaintiff to comply with a material part of his contract.

At the trial defendant's counsel presented a point asking for a binding instruction in favor of defendant, which point was refused. After the verdict was rendered in favor of plaintiff, defendant's counsel ·moved for judgment in favor of defendant non obstante veredicto and this motion was refused and judgment directed to be entered on the verdict and an exception granted to defendant.

The assignments of error are sustained and the judgment is reversed with directions to the court below to grant judgment in favor of defendant non obstante veredicto.