## McAdams *v.* Smith, Appellant.

*Contract—Building contract—Architect's certificate—Alteration in work—Substantial performance.*

In an action to recover a balance alleged to be due on a building contract, no recovery can be had where it appears that the contract provided that "no alteration shall be made in the work, except upon the written order of the architect," and that the architect without fraud or collusion with the owner refused such order because of changes made by the plaintiff in lessening the thickness of walls and the depths of trenches, and the substitution of a cheaper grade of wood, which could not be discovered until after the work was finished. In such a case the plaintiff is not entitled to recover for substantial performance.

Argued Oct. 31, 1916. Appeal, No. 79, Oct. T., 1916, by defendant, from judgment of C. P. No. 5, Philadelphia Co., March T., 1914, No. 1043, on verdict for plaintiff in case of William J. McAdams v. Ellen Smith. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit to recover a balance alleged to be due on a building contract. Before HENRY, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $426.28. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Ridgway,* for appellant.—There was no "substantial" performance of the contract by McAdams: Pressy v. McCornack, 235 Pa. 443; Gillespie Tool Co. v. Wilson, 123 Pa. 19; Standard R. B. Co. v. Hub Mach. Co., 61 Pa. Superior Ct. 14; Harris v. Sharpless, 202 Pa. 243.

*Frederick W. Bauer,* for appellee.—The work was substantially performed by appellee: Hunn v. Penna. Institution for the Instruction of the Blind, 221 Pa. 403; Clement v. Didier-March Co., 244 Pa. 616.

OPINION BY ORLADY, P. J., March 9, 1917:

This is an action on a written contract to recover for work and material in the alteration and addition to a property belonging to the defendant, according to plans and specifications prepared by an architect selected by the defendant, for which the defendant agreed to pay a fixed sum. Certain modifications were made as the work progressed with the consent of the architect and owner, by which, according to the plaintiff's statement, his claim was reduced to $1,320, on account of which the defendant paid the sum of $800, and suit was brought to recover a balance of $520 on the contract, and for $102, for extra work and material.

The defense enumerates a large number of alleged omissions in the work provided for; substitution of materials and material changes of construction, on account of which the defendant alleges she was obliged to expend certain sums of money, in the purchase of material and labor aggregating $1,200.23, and a certificate was asked for in her favor for $601. The verdict was returned in favor of the plaintiff for $426, and the assignments of error raise but the single question, whether under all the evidence the court should have directed the verdict to be for the defendant, which was requested at the time of the trial and refused by the court. There is no doubt of a marked variation from the terms of the contract in

the doing of the work, and while it is admitted that some of the matters alleged by the defendant to be defects, were assented to during the progress of the work, the plaintiff is entitled to recover if the work has been substantially performed by the plaintiff under the terms of the contract, or, further, if the appellant waived her right to object to the work as it was being done. The answer to the latter proposition is to be found in the provision, Article III, of the agreement between the parties, "No alteration shall be made in the work except upon the written order of the architect; the amount to be paid by the owner or allowed by the contractor by virtue of such alterations to be stated in said order,"—such assent was not shown,—and the further provision that the money due on the contract shall be paid by the owner to the contractor, "only upon certificate of the architects," —which was not proven. After making the three first payments, the architect refused to furnish further certificates because of the unfinished condition of the work, and the manifest departure from the specifications.

There is nothing apparent in the record to warrant the imputation that there was collusion between the architect and owner in withholding the certificate, or that the objections made by the architect and owner were not made in good faith, or that they were not made on account of actual existent departures from the contract. They were not for trifling objections, but for a number of substantial defects in construction.

The equitable doctrine of substantial performance is intended for the protection or relief of those who have faithfully and honestly endeavored to perform their contract in all material and substantial particulars, so that their right to compensation may not be forfeited by reason of merely technical, inadvertent or unimportant omission or defects. It is incumbent on him who invokes this protection to present a case in which there has been no wilful omission or departure from the terms of his contract. If he fails to do so, the question of substantial

performance should not be submitted to the jury: Gillespie Tool Co. v. Wilson, 123 Pa. 19. "To permit a man to recover for part performance of an entire contract, or to permit him to recover on his agreement when he has failed to perform, would tend to demoralize the whole country. No plaintiff ought ever to be permitted to recover for part performance of his engagement unless prevented by the defendant from performing, or so trifled with that it becomes his duty to declare the contract at an end": Hartman v. Meighan, 171 Pa. 46; Smyers v. Zmitrovitch, 55 Pa. Superior Ct. 440.

On the trial certain items were withdrawn by the plaintiff as not warranted, and an analysis of the testimony satisfies us that the changes made by the plaintiff in lessening the thickness of walls and the depths of trenches, the substitution of a cheaper grade of wood, which could not be discovered until after the work was finished, is conclusive evidence of a deliberate intention on the part of the builder to evade the written provisions in his contract, which warranted the architect to withhold the required certificate. In such a case, under the authorities, he is not entitled to recover for substantial performance. A contractor is not permitted to substitute his judgment for a change for that of the owner. The exact terms of the contract must be complied with, or if modified by the parties the evidence of such change should be clear. A part performance or a defective performance in a building contract is not sufficient without such proof. On the whole record, the defendant's last point, "Under all the evidence the verdict should be for the defendant," should have been affirmed.

The judgment is reversed.