## Hannigan, Executor, v. Hannigan

*C. C. O'Brien*, for plaintiff.
*W. E. Schubert*, for defendant.

MacNeille, P. J., December 9, 1950.—Plaintiff filed a complaint in assumpsit as executor of the estate of Francis J. Hannigan, deceased, setting forth, inter alia, the following:

That on May 8, 1950, plaintiff's decedent and defendant, being then husband and wife, entered into a property settlement agreement providing in part that they would sign an agreement to sell certain premises to a third party for the sum of $13,000 and that decedent was to receive $4,000 from these proceeds; that neither would thereafter be entitled to share in the estate of the other; that the agreement of sale was duly executed; that prior to the time fixed for settlement the husband died and a deed was executed by defendant alone as surviving spouse.

Defendant filed an answer admitting the execution of the property settlement agreement and its terms. Defendant contends, however, that the deceased "was guilty of such wilful, deliberate and material breach of the said agreement that he forfeited all right to receive any benefits . . .". Under new matter defendant pertinently avers that plaintiff's decedent failed to sign all papers necessary to convey the premises referred to due to his own act of deliberate self-destruction; that in violation of clause 4 of the property settlement agreement he refused, after repeated requests, to turn over to defendant a savings account book in the Garfield Federal Savings & Loan Association; that in violation of clause 5 of the property settlement agreement the deceased destroyed or removed certain items of personal property and interfered with defendant's right to remove certain property from the premises under the terms of the property settlement agreement.

Defendant, under the heading, "Counterclaim", averred, in count 1, that the deceased from or about December 14, 1949, to June 1, 1950, destroyed or removed from the premises certain property belonging to defendant, and counterclaimed for $622.75. In the second count defendant averred that the deceased deliberately drove an automobile over the grass and shubbery of the premises referred to and did other

damage requiring an adjustment with the purchasers in the amount of $234, and counterclaimed in this amount.

Plaintiff replied to the first count of defendant's counterclaim and placed in issue by appropriate denials the claim therein. Plaintiff by preliminary objection moved to strike off the second count of defendant's counterclaim for the reason that plaintiff's complaint is in assumpsit while the second count of the counterclaim, being founded on alleged tortious acts of plaintiff's decedent, sounds in trespass and is unrelated to the transaction upon which plaintiff brought suit. Finally, plaintiff demurred to the answer and new matter alleging that they did not state an adequate defense and moved for entry of judgment to the extent of such inadequacy, $3,379.25, being the claim for $4,000 less the amount of the first count of the counterclaim for $622.75.

Plaintiff's motion to strike off the second count of defendant's counterclaim is dismissed. Pa. R. C. P. 1031(a) provides that in actions of assumpsit a defendant "may set forth in the answer under the heading 'counterclaim' any cause of action or setoff which he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual". This rule permits and contemplates that a defendant may counterclaim in trespass though plaintiff's action be in assumpsit. Part two permits *any* counterclaim in the nature of contract, and part one permits counterclaim for "any cause of action" if it arises from the same transaction. We think this rule is to be liberally construed so that multiplicity of actions may be avoided and a disposition of the bases of litigation

as between the parties made in a single proceeding. The pleadings indicate that the parties entered into an agreement to sell realty for an agreed purchase price and with an agreement as to the manner of distribution of the proceeds. In consummating this agreement defendant was obliged to make allowance to the grantee for the damage forming the basis of defendant's counterclaim. The burden of these damages cannot be avoided by plaintiff in his suit for his alleged share of the proceeds of the sale. See 2 Anderson, Pennsylvania Civil Practice (1950 ed.), page 469. The adoption of rule 1031(*a*) distinctly departs from the provision in section 14 of the Practice Act of May 14, 1915, P. L. 483, which provided that "in actions of assumpsit a defendant may set off, or set up by way of counterclaim, against the claim of the plaintiff, any right or claim for which an action of *assumpsit* would lie". The right to counterclaim under rule 1031(*a*) is not limited to assumpsit. This change was early indicated in those cases holding that a plaintiff's negligence or tort could be pleaded as a bar to his right of recovery in contract if such tort were inherent in the cause of action, i.e., arose from the same transaction. See Glennon v. Lebanon Mfg. Co., 140 Pa. 594; Pownall v. Bair, 78 Pa. 403; Hunt v. Gilmore, 59 Pa. 450; Price v. Lewis, 17 Pa. 51; Eckel v. Murphey, 15 Pa. 488; Patterson v. Hulings, 10 Pa. 506; Gogel v. Jacoby, 5 S. & R. 117; Heck v. Shener, 4 S. & R. 249; Steigleman v. Jeffries, 1 S. & R. 477; Leech v. Baldwin, 5 Watts 446; Rothrock v. Wolfe, 99 Pa. Superior Ct. 30, 33; Parker v. Shoemaker, 46 Pa. Superior Ct. 99; Enterline v. Miller, 27 Pa. Superior Ct. 463; Milwaukee Locomotive Manufacturing Co. v. Point Marion Coal Co., 3 D. & C. 131.

Rule 1031(*a*) now permits an actual affirmative recovery by counterclaimant though the counterclaim sound in trespass.

The case of O'Brien v. O'Brien, 362 Pa. 66, cited by plaintiff, was an action in assumpsit for an accounting following dissolution of a partnership; the counterclaim was in trespass and alleged unfair competition calculated to mislead the public. It was held that the cause of action did not arise from the same transaction. The case is not authority for plaintiff's contention.

We must also dismiss plaintiff's preliminary objection in the nature of a demurrer. Plaintiff contends that decedent's failure to fully perform his promises did not constitute such material breach of the property settlement agreement as to discharge defendant's obligations thereunder; that any breach can be adequately compensated in damages, citing Everson v. Fry, 72 Pa. 326.

Since there must be a trial in this matter we have concluded that all of the issues between the parties may best be disposed of at such trial. Details as to the wilful and deliberate character of defendant's breach should be elicited before we dispose of the matter. Whether there has been a material breach of the contract is a mixed question of fact and law and we will not consider a summary judgment at this point. The rule has been variously phrased that a demurrer for want of a sufficient affidavit of defense will not be entered where doubt exists as to its propriety; that the parties should be remitted to trial to establish the facts on which they rely: Gordon v. Continental Casualty Co., 311 Pa. 109, 111; that judgment will not be entered summarily on the pleadings unless the right to it is clear and free from doubt: Cain v. Crow, 114 Pa. Superior Ct. 567; Ottman et al. v. Nixon-Nirdlinger et al., 301 Pa. 234, 243-44; Smith v. Brockway Motor Truck Corporation, 302 Pa. 217, 219-20.

Ordinarily the question of materiality of breach is for the jury to determine: Pressy v. McCornack, 235 Pa. 443, 448; Morgan v. Gamble, 230 Pa. 165; Cos-

grove v. Cummings, 190 Pa. 525; Pallman v. Smith, 135 Pa. 188; Truesdale v. Watts, 12 Pa. 73, although the question may be taken from the jury: Ehrlich v. U. S. Fidelity and Guaranty Company, 356 Pa. 417; Harris v. Sharples, 202 Pa. 243; Morgan v. Gamble, 230 Pa. 165, 175. What disposition will be made of the matter at trial must abide that event.

### Order

And now, to wit, December 9, 1950, plaintiff's preliminary objections to defendant's answer are overruled and plaintiff shall have the right to file a reply to defendant's answer within 20 days from the date of this order.