| 207 | 539 |
|-----|-----|
| s216 | 557 |

| 207 | 539 |
|-----|-----|
| 225 | ¹596 |

## Somerset Borough v. Ott, Appellant.

*Arbitration—Form of submission—Conclusiveness of award—Nonfulfilment.*

Technical words are not required to make a binding reference, and the form of submission is not important if it clearly appears that the intent was to submit differences to arbitration, and to abide by the award. An agreement to submit to arbitration may carry with it by implication the further agreement to abide by the award.

An agreement to submit questions that may arise as to the fulfilment of the contract does not give the right to pass on a claim for damages for nonfulfilment. Such an agreement is not to be extended by implication beyond its plain words.

An agreement between a borough and contractors provided as follows: "To prevent all disputes and litigation by and between the parties to this contract, the said engineer shall be referee in all cases to determine the amount, quality, acceptability, and fitness of the several kinds of work which are to be paid for under this contract, and to decide upon questions which may arise as to the fulfillment of said contract on the part of the contractor." The contractor abandoned the work after a dispute had arisen as to whether certain changes directed to be made by the engineer came under the head of extra work. *Held*, that the engineer had no power to pass on a claim by the borough against the contractors for damages for nonfulfilment of the contract.

Argued Nov. 2, 1903.   Appeal, No. 108, Oct. T., 1903, by
defendant, from order of C. P. No. 3, Allegheny Co., May T.,
1902, No. 650, making absolute rule for judgment for want of
a sufficient affidavit of defense in case of Somerset Borough
v. Charles Ott and Matthew Ott, trading as Ott Brothers.
Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and
POTTER, JJ..   Reversed.

Assumpsit on an award of referee.

Rule for judgment for want of a sufficient affidavit of de-
fense.

EVANS, J., stated the facts to be as follows:

The plaintiff, the borough of Somerset, on August 15, 1899,
entered into a contract with the defendants, Ott Brothers,
whereby the defendants agreed to perform certain work in con-
nection with the improvements of the streets and sewers of
said borough.   One section of their contract read as follows:

" To prevent all disputes and litigations, it is further agreed
by and between the parties to this contract that said engineer
shall be referee in all cases to determine the amount, quality,
acceptability and fitness of the several kinds of work which
are to be paid for under this contract, and to decide upon all
questions which may arise as to the fulfilment of said con-
tract on the part of said contractor."

Ott Brothers assigned their contract on January 22, 1900, to
Simon Harold and Sons, who commenced work on April 16,
1900, and continued work under the contract until September 19,
1900.   Sometime prior to the last mentioned date a dispute
arose between Simon Harold and Sons and the borough en-
gineer as to the rights of the respective parties under the agree-
ment; and not being able to arrive at an agreement on this
disputed question, Simon Harold and Sons quit work on Sep-
tember 19, 1900, leaving a part of the work to be performed by
the terms of the contract uncompleted.   Some time after this
last date, the borough engineer, assuming to act under the
clause of the contract above quoted, notified Ott Brothers that
disputes had arisen between the borough of Somerset and the
contractors, and designated, as the referee under said contract,
Tuesday, February 4, 1902, at 1:30, at the office of Charles

W. Walker, Esq., in the borough of Somerset, as the time and place when he would hear the testimony and statements of claim touching the matter in dispute, and having reference to the fulfilment of said contract. On February 7, the said referee made his award in favor of the borough of Somerset against Ott Brothers for $11,424.65, and it is upon this award that the plaintiff brings its suit.

The court after stating the facts as above and citing Hostetter v. City of Pittsburg, 107 Pa. 419, made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*H. L. Castle,* of *Stone & Stone,* for appellant.—The jurisdiction of the regular courts will not be ousted except upon very clear and satisfactory agreements : Chandley Bros. & Co. v. Cambridge Springs Boro., 200 Pa. 230 ; Memphis, etc., R. R. Co. v. Wilcox, 48 Pa. 161 ; Citizens' Trust & Surety Co. v. Howell, 19 Pa. Superior Ct. 255 ; Lauman v. Young, 31 Pa. 306 ; Dobbling v. York Springs R. R. Co., 203 Pa. 628.

*George B. Gordon,* of *Dalzell, Scott & Gordon,* with him *John L. Prestley* and *Harry J. Nesbit,* for appellee.—An award is necessarily a finality. It is not necessary that the parties should stipulate in the submission that it should be final, or state that it was to be without exception or appeal : McManus v. McCulloch, 6 Watts, 357 ; Wilson v. Getty, 57 Pa. 266 ; Smith v. Morse, 9 Wall. 76 ; Stewart v. Cass, 16 Vt. 663 ; Valentine v. Valentine, 2 Barb. Ch. 430 ; Gowen v. Pierson, 166 Pa. 258.

Connor v. Simpson, 104 Pa. 440, and Hostetter v. Pittsburg, 107 Pa. 419, are express authorities for the proposition that where work has been done under the contract the arbitrator has authority to determine the question of damages arising by reason of the failure of the contractor to complete the contract according to its terms : Monongahela Navigation Co. v. Fenlon, 4 W. & S. 205 ; Howard v. Allegheny Valley R. R. Co., 69 Pa. 489 ; Wymard v. Deeds, 21 Pa. Superior Ct. 332.

OPINION BY MR. JUSTICE FELL, January 4, 1904 :

This appeal is from an order making absolute a rule for judg-

ment for want of a sufficient affidavit of defense in an action on the award of a referee. The defendants entered into a contract with the borough of Somerset to do certain work in connection with the improvement of borough streets and sewers. During the progress of the work, a dispute arose as to the rights of the parties under the agreement, and the work was abandoned by the contractors and was completed by the borough. The borough engineer, assuming to act under a clause of the agreement, after notice to the defendants of the time and place when and where he would " hear testimony, statements or claims touching matters in dispute and having reference to the fulfilment of said contract," made the award of $11,424.65 on which suit is brought.

It does not appear from the notice of the meeting nor from the award made that any matter was in dispute except the amount the borough was entitled to because of the failure of the defendants to complete the work. The distinct averment in the statement of claim is that the defendants failed to comply with the terms of the agreement and abandoned the same, and that the borough was obliged to complete the work at its expense ; and by reason of the failure of the defendants to complete the contract and the abandonment of the same, " disputes arose between the plaintiff and defendants with respect to the performance of said contract." The only inference from what appears in the record of the case is that the award was in part if not wholly for damages for noncompletion.

The only part of the agreement that provides for a reference is this : " To prevent all disputes and litigation by and between the parties to this contract, the said engineer shall be referee in all cases to determine the amount, quality, acceptability, and fitness of the several kinds of work which are to be paid for under this contract, and to decide upon questions which may arise as to the fulfilment of said contract on the part of the contractor." It is contended by the defendants that an award by the engineer under this clause of the contract is not final and conclusive and that the matter upon which his award was based is not within the terms of the submission.

The first contention cannot be sustained. Technical words are not required to make a binding reference, and the form of submission is not important if it clearly appears that the intent

was to submit differences to arbitration, and to abide by the award. An agreement to submit to arbitration may carry with it by implication the further agreement to abide by the award. " The very act of submission," it was said in McManus v. McCulloch, 6 Watts, 357, " implies a promise by the party to abide by the determination of the person to whom the matter is referred." That the award should be final was the very purpose of the reference. It was " to prevent all disputes and litigation." If not final, it would prevent nothing and would be the beginning and not the end of litigation.

But while an award made on any subject embraced within the clause of the agreement would be binding on the parties and conclusive of their right, a too wide construction was given the agreement. An agreement to submit questions that may arise as to the fulfilment of a contract does not give the right to pass on a claim for damages for nonfulfilment. Such an agreement is not to be extended by implication beyond its plain words. The agreement gave the engineer power to determine finally all questions arising as to the amount and quality of the work done, and as to the performance of the contract. These questions were to be decided by reference to the specifications, with the aid of his presumed expert knowledge. But the power to decide whether work has been done in accordance with a contract, and whether a contract has been completed in accordance with its terms, cannot by implication be enlarged so as to include the right to determine what shall be paid by way of damages for nonfulfilment.

In the cases in which the right of a referee to settle disputes arising under contracts of this kind has been sustained, there has been a gift of power by agreement of the parties, and the questions decided were covered by the letter or were clearly within the spirit of the reference. A review of these cases by our Brother Brown is found in the opinion in Chandley Bros. & Co. v. Cambridge Springs Boro., 200 Pa. 230. We see no ground on which this case can be distinguished from Lauman v. Young, 31 Pa. 306, in which it was held that an engineer who was given power to determine in all cases the amount and quality of the different kinds of work and the amount due therefor, and to decide every question that might arise relative to the execution of the contract, was not empowered to deter-

mine what damages the contractor might recover because of the refusal, after a part of the work was done, to permit him to complete it. It is true that in that case there was no dispute as to the character of the work done, but an apparently arbitrary refusal to permit the contractor to proceed with the work after a right of way had been secured; and that in this case the contractor abandoned the work after a dispute had arisen as to whether certain changes directed to be made by the engineer came under the head of extra work. The claims, however, were of the same character, damages for nonfulfilment, and their character determined the jurisdiction of the referee. In Hostetter v. City of Pittsburg, 107 Pa. 419, the agreement was much broader than in this case, and the award was for damages for breach of contract in furnishing defective materials and in doing imperfect work. There was a stipulation for damages in case of nonperformance and for the forfeiture of the retained percentage, and every question in dispute that might arise under the contract was included in the prospective reference. The complaint of the city was that the materials used were deficient in quality and strength, and that the workmanship was inferior; and it was on this complaint the referee passed.

The judgment is reversed with a procedendo.