# Smith, Trustee, *v.* Cunningham Piano Company, Appellant.

*Appeals—Assignment of error—Ruling on evidence—Failure to cite testimony.*

1. An assignment of error to the overruling of an objection to testimony will not be considered where the assignment does not quote the evidence submitted.

*Evidence—Testimony—Answer partially responsive—Motion to strike out.*

2. It is not error to deny a motion to strike out the whole of a witness' answer to a question where no objection was made to the question and part of the answer was responsive.

*Contracts—Building contract—Substantial performance—Defective work—Arbitration clause—Dereliction of architect—Question for jury.*

3. In an action to recover a balance claimed to be due on a contract for the erection of a building it is not error for the court to affirm a point, which was in substance that if the plaintiff had with honest intent substantially performed the contract, failure in slight particulars would not prevent him from receiving fair compensation with due allowance to the plaintiff for any loss or damage suffered, where the testimony of plaintiff's witnesses went to show that the building in question was substantially finished with reasonable promptitude, and the detailed statement filed by the defendant for expenses alleged to have been incurred by reason of incomplete or defective work shows that the alleged failure of plaintiff was in comparatively unimportant particulars.

4. In such a case questions arising between contracting parties not included in the arbitration clauses, or questions raised relating

to failure or dereliction in the performance of duties of the architects themselves, are for the jury, and the right to have these matters so passed upon cannot be denied upon the ground of failure to arbitrate.

5. In such a case where it appeared that the defendant had not taken advantage of a provision of the contract to terminate the same under the certificate of the architect, and the dispute is as to what was done by the plaintiff and whether or not the defendant was justified in refusing to accept the work, or in having part of it done over at the expense of the plaintiff, and the controversy is mainly as to the conduct of the architect himself, there being evidence tending to show that he was capricious and unreasonable in refusing to approve of work that had been done in strict accordance with his directions, the question is for the jury and the latter is properly instructed that the arbitration clause in the building contract referred to questions arising between the contractor and owner and not to questions that concerned the performance of duties by the architect himself.

Argued January 22, 1913. Appeal, No. 285, Jan. T., 1912, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1910, No. 2171, on verdict for plaintiff in case of Patrick S. Smith, Trustee of Charles W. Denny v. Cunningham Piano Company. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for balance due on a building contract. Before CARR, J.

Verdict and judgment for plaintiff for $3,137.25. Defendant appealed.

The facts appear by the opinion of the Supreme Court.

The twelfth paragraph of the contract in suit was as follows:—

"It is understood and agreed that in case any dispute should arise between the parties hereto in regard to any matters affecting or relating to the contract, the settlement of which is not herein provided for, said matters in dispute shall be immediately referred to the said architect as arbitrator, and his decision shall be final

498 SMITH *v.* CUNNINGHAM PIANO CO., Appellant.

and binding on the said parties without the right of appeal to any court or other tribunal."

*Errors assigned,* among others, were those adverted to in the opinion of the Supreme Court.

*Francis M. McAdams,* with him *William H. Wilson,* for appellant.

*J. Washington Logue,* for appellee.

OPINION BY MR. JUSTICE POTTER, March 10, 1913:

This was an action of assumpsit brought by Charles W. Denny to recover from the Cunningham Piano Company a balance claimed to be due upon a contract for the erection of a new factory building and for alterations to an existing building. The amount claimed in the statement was $7,434.46, but defendant afterwards paid $4,333.33, leaving a balance of $3,101.13, of which all but $200 was disputed. After the case was at issue, it was suggested on the record that the plaintiff had been adjudicated a bankrupt, and that Patrick S. Smith had been appointed as trustee. Upon the trial in the court below evidence was offered in behalf of plaintiff tending to show that the building was erected in substantial compliance with the contract, and was completed and delivered to defendant and occupied by it in October, 1909. There was also testimony tending to show that the delay in completion beyond the date fixed in the contract,—September 15, 1909, was not owing to any fault of the contractor, but was caused by the unreasonable conduct and capricious demands of the architect. On behalf of the defendant there was evidence tending to show that the work was not performed in compliance with the contract in certain particulars, and that in order to make it so, an expenditure of $1,161.13 was required. The defendant further maintained that there was a delay in the completion of the building

of 174 days for which a penalty of $10.00 per day was claimed as an offset to plaintiff's demand. These amounts aggregated $2,901.13, leaving a balance of $200 which was admittedly due to the plaintiff. The trial judge submitted to the jury the question whether the contract had been substantially performed by plaintiff, and whether the expenditures made by defendant were necessary to the completion of the contract; and left them to find from the evidence the date when the building was completed, and whether the delay was properly chargeable to the contractor or to the architect. The jury rendered a verdict for $3,137.25, which, if interest be included, was about $400 less than the amount claimed by plaintiff. Motions for a new trial and for judgment non obstante veredicto were overruled by the court below, and judgment was entered on the verdict. Defendant has appealed.

There are twenty assignments of error, none of which are to the main portion of the charge. Complaint is made of answers to points and as to the admissibility of certain evidence. The first assignment of error is to the overruling of an objection to a question put to the plaintiff when under direct examination. The assignment does not quote the evidence submitted and it will, therefore, not be considered. In the second assignment error is alleged in the refusal to strike out an answer of plaintiff's witness. No objection had been made to the question, and part of the answer was responsive. The motion to strike out the whole of the answer was, therefore, properly denied. Nor is there any merit in the third assignment of error which is to the exclusion of a question put by defendant's counsel to one of plaintiff's witnesses on cross-examination. Inspection of the previous testimony of the witness shows no reference to the subject matter of the question and it was, therefore, properly excluded as not being cross-examination.

The fourth assignment alleges that the trial judge erred in affirming plaintiff's first point for charge, which

was in substance that if plaintiff had with honest intent substantially performed the contract, failure in slight particulars would not prevent him from receiving fair compensation with due allowance to defendant for any loss or damage suffered. The point presented a sound statement of the law, and was taken substantially from the opinion of this court in Danville Bridge Co. v. Pomroy, 15 Pa. 151, where Mr. Justice BELL said (p. 159) : "Where a party, acting honestly, and intending to fulfill his contract, performs it substantially, but fails in some comparatively unimportant particulars, the other party will not be permitted to enjoy the fruits of such imperfect performance, without paying a fair compensation according to the contract, receiving a credit for any loss or inconvenience suffered." This language was cited with approval by our brother ELKIN in Pressy v. McCornack, 235 Pa. 443, in which case there is a full discussion of the doctrine of substantial performance of contracts. The facts of the present case bring it within the principle there announced. According to the testimony of plaintiff's witnesses, the building was substantially finished in October, 1909. The architect testifies that he certified on March 8, 1910, that the building was finished and ready for occupancy. The detailed statement filed by defendant for expenses alleged to have been incurred by reason of incomplete or defective work shows that the alleged failure of plaintiff was in comparatively unimportant particulars. We see no error in the affirmance of the point in question. It was consistent with what was said in that respect in the general charge, to which no exception was taken.

In the fifth assignment of error complaint is made of the affirmance of plaintiff's second point, which was as follows: "If the jury find that plaintiff substantially performed his contract, he is entitled to recover for such sum as the jury find he is entitled to receive." It is suggested that under this point the jury were at liberty to find damages according to their own ideas, and in disre-

gard of the terms of the contract, but reference to the general charge shows that the trial judge had there fully instructed the jury as to the proper amount of damages to be recovered, and the affirmance of this point must be interpreted in the light of the general instructions, of which no complaint was made.

Without taking up in detail all of the assignments of error, and considering them it is sufficient to say that while there are some inaccuracies in the answers to certain points, yet in none of them do we find anything which amounts to substantial or reversible error.

Under the sixth section of the contract, in case of failure upon the part of the plaintiff to prosecute the work with diligence, or in case of violation of any. of the conditions of the contract, the defendant was at liberty under the certificate of the architect, to terminate the contract, and take possession of the premises and complete the work at the expense of the plaintiff. No action of this kind was taken. The dispute is as to that which was done by the plaintiff, and as to whether or not the defendant was justified in refusing to accept the work, or in having part of it done over at the expense of the plaintiff. These were disputed questions of fact which were for the determination of the jury. The trial judge very properly instructed the jury that the arbitration clause in the building contract referred to questions arising between the contractor and owner, and not to questions that concerned the performance of duties by the architect himself. In this case the controversy is mainly as to the conduct of the architect. It is alleged, and there was evidence tending to show, that he was capricious and unreasonable in refusing to approve of work that had been done in strict accordance with his directions. "If questions arise between contracting parties not included in the arbitration clauses, or if the questions raised relate to failure or dereliction in the performance of duties by the architects themselves, the right to have these matters passed upon by the jury

cannot be denied upon the ground of failure to arbitrate": Hunn v. Pennsylvania Institution for Instruction of the Blind, 221 Pa. 411. In the present case the questions in controversy were matters of fact, and in the manner in which these questions were submitted to the jury, we see nothing which amounts to reversible error.

The assignments of error are overruled, and the judgment is affirmed.