# Shoemaker v. Riebe, Appellant.

*Contracts—Building contracts—Breach—Architects—Authority to assess damages—Set-off—Case for jury.*

1. The authority of an architect, under a subcontract for the construction of certain stone work which provides that monthly payments shall be made to the subcontractor "as per architect's estimate," and that the work shall be completed in a manner satisfactory to the architect, does not extend to a final determination of the amount of compensation due the subcontractor where he had been discharged by the architect before the completion of the work, and the legality of this action was denied and depended on disputed facts.

2. In an action of assumpsit by a subcontractor against a general contractor to recover a balance due on a contract for the construction of a wall, where defendant averred that the wall had been improperly located, so that the whole work had to be torn down and rebuilt, the cost of which tearing down and rebuilding

defendant sought to set off against plaintiff's claim, and where plaintiff's evidence tended to show that the wall had been located in accordance with defendant's directions, and that difficulty had also been occasioned by reason of the poor construction of certain brick piers in the rear of the wall, with which plaintiff had nothing to do, the case was for the jury to determine which party was responsible for the rebuilding of the wall, and a verdict for plaintiff was properly sustained where there was evidence that though plaintiff had not completed the work, he had been discharged at the instance of the architect before the work was finished, without reasonable cause.

Argued March 28, 1913. Appeal, No. 151, Jan. T., 1912, by defendant, from judgment of C. P. Schuylkill Co., Nov. T., 1905, No. 352, on verdict for plaintiff in case of George W. Shoemaker v. Barbara Riebe, Executor of the Estate of Herman Riebe, deceased. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover the balance due on a contract. Before SHAY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,124.46, and judgment thereon. Defendant appealed.

*Errors assigned* were various instructions to the jury.

*G. M. Rhoads,* with him *R. A. Freiler,* for appellant.

*A. G. Dewalt,* for appellee.

OPINION BY MR. JUSTICE POTTER, June 27, 1913:

This controversy was between the subcontractor and the general contractor for the erection of a building for the First National Bank of Tamaqua. The plaintiff, who was a subcontractor for the cut stone work, claims that at a time when he had largely completed his work in accordance with the stipulations of his contract, he was

interfered with by the architect, and was prevented from finishing the work, on the allegation that he was incompetent. A portion of the front wall was, under the order of the architect, torn down and rebuilt by another contractor employed for that purpose by the bank, the owner of the building, and it was contended that the cost of this work was properly chargeable against the plaintiff as an offset to the amount due him upon his contract. On the other hand the plaintiff maintained that he was without fault in the matter, and that the trouble arose from the fact that the principal contractor gave him the wrong line upon which to locate the wall in question, and that difficulty was also occasioned by reason of the poor construction of certain brick piers in the rear of the wall, with which plaintiff had nothing to do, which were too weak to bear the load placed upon them, and bulged, interfering with the stone work.

The case turns entirely upon disputed questions of fact, which were submitted to the jury in a charge minutely covering every phase of the case, as disclosed by the testimony. The jury were instructed that if the plaintiff was at fault in locating the wall, or in putting up the stone work, then the contractor and the owner were justified in having the wall taken down and rebuilt at plaintiff's expense. But if they found as a matter of fact that the line as given to him was improperly located, then he was not responsible for that mistake, and if the jury found that otherwise the work of plaintiff was properly performed, he was entitled to recover. We find nothing wrong in these instructions.

In the first assignment of error it is alleged that the court below erred in affirming a point to the effect that the contractor was bound to give to the plaintiff the proper line for the wall. That this instruction was right appears from an inspection of the contract, which shows that the contractor was made responsible for the correct location of all walls, &c., before proceeding with

the work; and there was evidence for the jury that his representative did fix the lines for the location of the wall, and that this location was approved by the representative of the architect and by the architect himself. Plaintiff contends that he built the wall upon this line, which was thus given to him. Whether or not he did so was a question of fact for the jury.

The remaining assignments of error raise the question of the extent of the authority of the architect, under the contract with plaintiff, and whether this authority was properly exercised in dismissing plaintiff from the work, and in preventing him from completing it. In the original proposal for the work submitted by plaintiff, the only reference to the function of the architect, was in the statement that the cut stone was to be set in place "as shown on the front elevation, cleaned and pointed as per plans and specifications" of the architect. In accepting this proposal the contractor agreed to make monthly payments as per architect's estimate. A year afterwards and at a time when a greater part of the work had been performed, a disagreement arose which was settled, and the plaintiff then agreed to finish the bank front in a manner satisfactory to the architect; but here again there was evidence that the architect failed to furnish detailed drawings which were necessary to enable the work to be done. It is evident that the plaintiff could not properly be held responsible for the fault of the architect, or for that of contractors upon other portions of the building, which may have affected the stone work. There was no dispute as to the proper construction of the drawings or specifications, such as under the general contract was to be submitted to the decision of the architect. The controversy was as to where the responsibility lay for the wrong location of the wall, and for the weakness of the brick piers in the rear of the wall, which interfered with the stone work in front. According to the testimony of the plaintiff, when the trouble was discovered the architect

gave his judgment that it would be best to have the general contractor take down the work in so far as was necessary, and have it brought up to the point where it was as plaintiff had left it, and that from that point the plaintiff was to assume charge of the stone work again and carry it forward to completion. He regarded his work as being postponed or deferred for the time being, and had no thought at that time of being discharged by the architect. He was, however, not permitted to take up the work again. We do not find anything in the arbitral clause of the general contract which conferred jurisdiction upon the architect to determine the question of the compensation due to the plaintiff under such circumstances as were shown. "If questions arise between contracting parties not included in the arbitration clauses, or if the questions raised relate to failure or dereliction in the performance of duties by the architects themselves, the right to have these matters passed upon by a jury cannot be denied upon the ground of failure to arbitrate": Hunn v. Institution, 221 Pa. 403 (411). A provision in a building contract to submit to the decision of an engineer or architect questions that may arise as to the fulfilment of the contract does not give the right to pass on a claim for damages for non-fulfilment: Somerset Boro. v. Ott, 207 Pa. 539 (543). See also Ruch v. York, 233 Pa. 36 (54). Nor does it appear from the evidence in this case that in preventing the plaintiff from completing the work, the architect was proceeding under the provisions of the general contract. Under them it was required that written notice to remove condemned materials or workmanship should be given, before the architect was at liberty to provide other material and have the work done by other parties. It was not shown that any such notice was given. The controversy involved nothing but questions of fact, and for the manner in which these questions were submitted to the jury we do not see that the defendant has any just cause of complaint.

The assignments of error are overruled, and the judgment is affirmed.