# Reilly, Appellant, v. Rodef Sholem Congregation.

*Contracts—Building contracts—Arbitration clause—Architect as arbitrator—Matters affecting architects themselves—Questions for the jury—Evidence.*

1. The parties to a building or construction contract may legally provide therein that disputes arising out of the contract shall be submitted for decision to the architect or engineer and that his conclusion or judgment shall be a final adjudication of the questions submitted.

2. Arbitration clauses in building contracts, however, refer to questions arising between the contractors and owners and not to questions that concern the performance of duties by the architects themselves. If questions arise between the contracting parties not included in the arbitration clauses, or if the questions raised relate to failure or dereliction in the performance of duties by the architects themselves, the right to have these matters passed upon by a jury cannot be denied upon the ground of failure to arbitrate.

3. In an action by a contractor against an owner upon a building contract, it appeared that the contract contained an embracing arbitration clause whereby practically all disputes were to be referred to the architects. The plaintiff made out a prima facie case for recovery which was met in part by the defendant's introducing an award of the architects under the arbitration clause charging the plaintiff with delay in completion of the work in the sum of $12,000. The court below admitted the award of the architects in

evidence and excluded an offer by plaintiff to show that the delay in completing the building was chargeable chiefly to the delay of the architects in furnishing certain necessary detailed drawings. *Held,* (1) that the award of the architects was properly admitted in evidence, and (2) that the court committed error in excluding the plaintiff's offer to show that the delay was the fault of the architects.

Argued November 4, 1913.  Appeal, No. 119, Oct. T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., Dec. T., 1908, No. 1018, for plaintiff in case of Thomas Reilly v. Rodef Sholem Congregation.  Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.  Reversed.

Assumpsit on building contract.  Before EVANS, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $5,161.71, and judgment thereon.  Plaintiff appealed.

*Errors assigned* were in admitting certain evidence offered by the defendant and in refusing to admit certain evidence offered by the plaintiff, referred to in the opinion of the Supreme Court.

*John S. Ferguson,* with him *A. V. D. Watterson,* for appellant.

*William B. Rodgers,* with him *Joseph Stadtfeld,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

In this action of assumpsit the plaintiff sought to recover the balance due him from the defendant upon a contract for the erection of a synagogue.  In his statement of claim the plaintiff averred performance of the work in accordance with the contract, by reason of which he became entitled to payment of the contract price of $184,636.60, and the further sum of $8,009.30 for

extra work, making a total of $192,645.90; on account of which he had been paid $140,304.98 in cash and by certain allowances, leaving a balance as claimed by plaintiff of $52,340.92. After suit was brought defendant paid plaintiff additional sums aggregating $32,874.61. This reduced the amount claimed to $19,466.31. Some discrepancy is apparent, however, as the trial judge stated in his charge to the jury that the balance claimed was $17,599.85. Against this balance defendant claimed to be entitled to the sum of $12,000 as liquidated damages for delay in the completion of the building. Under the contract plaintiff was required to complete the auditorium by September 1, 1906, and the whole of the work by November 1, 1906, and it was stipulated that for every day's delay in the completion of the work beyond these dates, plaintiff should pay the sum of $100 to defendant as liquidated damages. The work was to be done to the satisfaction of the architects, and this clause appears in the contract, "To prevent all disputes and litigation the architects shall in all cases determine the amount or the quality of the several kinds of work which are to be paid for under this contract, and they shall determine all questions relative to said work and the construction thereof; and they shall in all cases decide every question which may arise relative to the execution of this contract on the part of the contractor, and their estimate and decision shall be final, conclusive and binding, without exception or appeal, and such estimate and decision, in case any question shall arise, shall be a condition precedent to the right of the contractor to receive any money under this agreement." The work was not completed until September 1, 1907, and the architects decided that of this delay one hundred and twenty days were properly chargeable to the plaintiff under the terms of the contract, at one hundred dollars a day, aggregating the sum of $12,000. Upon the trial the court below admitted the award of the architects in evidence and excluded an offer by plaintiff to show that the delay in

completing the building was chargeable chiefly to the delay of the architects in furnishing certain necessary detailed drawings. The trial judge instructed the jury that credit must be allowed to the defendant for the $12,000 damages awarded by the architects, and limited the verdict for the plaintiff to an amount not larger than the difference between that sum and the balance claimed. Under these instructions the jury found a verdict in favor of plaintiff for $5,161.71 on which judgment was subsequently entered. Plaintiff has appealed and his counsel have filed two assignments of error. The first is to the admission in evidence of the award of the architects, and the other is to the exclusion of testimony tending to show that the delay in the completion of the building was due chiefly to the failure of the architects to furnish detailed drawings necessary to the performance of the work. The language of the contract with reference to the power of the architects is very broad. They were authorized to determine all questions in relation to the work and the construction of the contract and to decide every question which might arise relative to its execution. Under our decisions, however, as will appear further on, the authority of the architects is not to be extended so as to permit them to pass upon the question of whether they were themselves at fault. The general principle, that an agreement to arbitrate will be sustained, is clearly established. In Conneaut Lake Agricultural Association v. Surety Company, 225 Pa. 592, we said (p. 596):

"It is firmly settled by the law of Pennsylvania that agreements to refer disputes to arbitration, will be sustained and upheld, where the power to pass upon the subject-matter in dispute, is clearly given to the arbitrator, by the terms of the agreement: Hunn v. Penna. Institution for Inst. of Blind, 221 Pa. 403; Somerset Boro. v. Ott, 207 Pa. 539," and in Ruch v. York, 233 Pa. 36 (p. 45), our Brother MESTREZAT said: "It is settled in this State that the parties to a building or construction

contract may legally provide therein that disputes arising out of the contract shall be submitted for decision to the architect or engineer, and that his conclusion or judgment shall be a final adjudication of the questions submitted. Such submission may include the power to determine the right of the parties to liquidated damages under the terms of the contract." Under these and many other cases which might be cited it is clear that the award of the architects and the certificate issued by them was properly admitted in evidence, by the court below. The first assignment is overruled.

In the second assignment of error, it is alleged that the court below erred in sustaining an objection by counsel for defendant to the offer of plaintiff's counsel to show in rebuttal, that the delays in the completion of the work were practically all caused by the delay of the architects themselves, in the furnishing of detailed drawings. The evidence which it was thus sought to introduce would clearly have been rebuttal. Plaintiff had put the contract in evidence, and had offered testimony to show performance, and had shown the value of the work, and that he had been paid certain sums on account, leaving due to him the balance which he claimed to recover. This made out a prima facie case, which defendant met in part, by putting in evidence the award of the architects. At this stage of the proceedings it was competent for plaintiff to rebut the effect of the award by any proper evidence which he could produce tending to show that the award was not conclusive upon him. He attempted to do this, by an offer to show that the delay was due in great part to the fault of the architects themselves. The agreement to abide by the decision of the architects could hardly have been intended to authorize them to pass upon the question of the performance of their own duties. Similar clauses in contracts of this character have not been held to go to that extent. In Payne v. Roberts, 214 Pa. 568, a provision in a building contract substantially like this one was considered. Mr.

Justice STEWART said (p. 578) : "The manifest purpose of the clause was to provide a convenient method for the prompt settlement of such questions as might arise between the parties, to the end that the work might not be interfered with and delayed. It does not, either by express terms or reasonable construction, include questions that might arise between the parties or either of them, and other persons incidentally connected with or interested about the contract, as for instance, the architects; but is limited to questions arising between the parties themselves. Since the architects are made the referees in the first instance, it certainly could not be held to include questions to which they themselves were parties." In Hunn v. Pennsylvania Institution for Inst. of Blind, 221 Pa. 403, Mr. Justice ELKIN said (p. 411) : "On the question of arbitration it may be stated that every matter included in the contract and referred to the architects must be determined by them. This is the rule of our cases, and while in some instances it would seem to be a harsh one, it is so firmly established that it must be accepted as settled law in this State. It is, however, in derogation of the common-law right of trial by jury and should not be unduly extended. As indicated in Payne v. Roberts, 214 Pa. 568, the arbitration clauses in such contracts refer to questions arising between the contractors and owners, and not to questions that concern the performance of duties by the architects themselves.......If questions arise between the contracting parties not included in the arbitration clauses, or if the questions raised relate to failure or dereliction in the performance of duties by the architects themselves, the right to have these matters passed upon by a jury cannot be denied upon the ground of failure to arbitrate." The same principle is upheld in Smith v. Cunningham Piano Co., 239 Pa. 496, and in Shoemaker v. Riebe, 241 Pa. 402, in which case it was said (p. 405) : "The plaintiff then agreed to finish the bank front in a manner satisfactory to the architect; but here again there was evidence that

the architect failed to furnish detailed drawings which were necessary to enable the work to be done. It is evident that the plaintiff could not properly be held responsible for the fault of the architect." Under these decisions it seems clear that the evidence offered by the plaintiff should have been admitted to show that the delay for which plaintiff was penalized was owing to the delay of the architects themselves in furnishing the detailed drawings necessary for the performance of the work. We think the offer was wrongfully rejected. After the evidence had been heard, it would have been for the court to determine whether or not it sustained the offer, and was sufficient to be submitted to the jury. The second assignment of error is sustained and the judgment is reversed with a venire facias de novo.