BY THE COURT.

## McHugh, Appellant, *v.* Philadelphia.

*Municipalities—Municipal contract—Grading—Arbitration.*

Where a municipal contract for grading provides that the ."chief of the Bureau of Highways shall in all cases decide every question which may arise relative to the performance of this contract, and such estimate and decision shall be final and conclusive......and shall be a condition precedent to the right of the contractor to receive any money under this contract," the contractor cannot maintain a suit in assumpsit against the city to recover a certain number of cubic yards of filling as for which he claimed he was not paid because of an erroneous estimate of the district surveyor; and this is the case although the chief of the Bureau of Highways may have made no decision on the subject. In such a case it is the duty of the contractor to attempt to comply with the condition precedent before he can maintain a suit.

*Practice, C. P.—Municipal Court of Philadelphia County—Trial without jury.*

Where a case is tried in the Municipal Court of Philadelphia County without a jury, and the conflicting evidence is oral the court's general finding in favor of the defendant will ordinarily be as conclusive as a verdict would have been if there had been a jury trial.

Argued Nov. 26, 1915. Appeal, No. 20, Oct. T., 1915, by plaintiff, from judgment of Municipal Court, April T., 1914, No. 133, for defendant, on case tried by the court without a jury in suit of J. Joseph McHugh v. City of Philadelphia. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover balance alleged to be due on a municipal contract for grading.

The case was tried by CRANE, J., without a jury.

At the trial plaintiff claimed to recover the cost of filling 3,117 cubic yards in the work of grading Gross street in accordance with certain plans and specifications attached to a municipal contract. The plaintiff claimed that the surveyor of the district had made an erroneous estimate of the amount of filling to the plaintiff's disadvantage. The contract contained an arbitration clause by which all matters in dispute under the contract should be determined by the chief of the Bureau of Highways.

The court found in favor of the defendant.

*Error assigned* was in finding for the defendant.

*Walter Biddle Saul,* for appellant.

*Otto Wolfe, Jr.,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellee, cited: Philadelphia & Gulf Co. v. Soeffing, 59 Pa. Superior Ct. 429; Warsaw Twp. v. Knox Twp., 107 Pa. 301; Cathcart v. Com., 37 Pa. 108.

OPINION BY RICE, P. J., April 17, 1916:

This action of assumpsit was founded on a written contract between the plaintiff and the defendant for grading Gross street from Media street to Lansdowne avenue in accordance with certain plans and specifications. After the work was completed the city paid the amount appearing to be due the plaintiff by the measurements (2213 cubic yards) certified in writing by the district surveyor. The plaintiff claiming that the filling done by him amounted to 3,117 cubic yards, brought this suit to recover the difference. The dispute as to the quantity of filling was carried into the trial and the conflicting evidence being oral, and there being no requests for find-

ings of fact or conclusions of law, the court's general finding in favor of the defendant ordinarily would have been as conclusive as the verdict would have been if there had been a jury trial. See Peoples v. Philadelphia, 62 Pa. Superior Ct. 553, and cases there cited. But it is argued that the opinion filed by the trial judge in connection with his finding shows that the finding was not based on the oral testimony, but on the erroneous assumption that under the terms of the contract the certificate of the district surveyor was conclusive. We do not so understand the opinion. What the learned judge said was "Whether or not the measurements made by the surveyor of the district upon which payment was made were accurate, this court can have no concern, for the obvious reason that the parties agreed in their contract that the decision of the arbitrator should be conclusive." Reading this in conjunction with the former part of his opinion the fair inference is that the "arbitrator" he referred to was not the district surveyor, but the officer designated in paragraph 43 of the specifications which he quotes as determining the manner in which disputes as to quantities shall be adjusted. The paragraph reads as follows: "To prevent all disputes and litigation, the chief of the Bureau of Highways shall in all cases determine the amount or quantity of the several kinds of work which are to be paid for under this contract, and he shall determine all questions in relation to said work and the construction thereof, and he shall in all cases decide every question which may arise relative to the performance of this contract on the part of the contractor, and such estimate and decision shall be final and conclusive and such estimate and decision in case any question shall arise shall be a condition precedent to the right of the contractor to receive any money under this contract." The validity of this agreement is beyond question: Ruch v. City of York, 233 Pa. 36; Reilly v. Rodef Sholem Congregation, 243 Pa. 528. Nor is there any doubt that the

question which arose here between the parties as to the quantity of filling was one of the questions upon which the decision of the chief of the Bureau of Highways was to be final and conclusive. If it be said that he made no decision, the answer is that the plaintiff could not defeat the agreement by bringing a common law action without even attempting to comply with the condition precedent: Lauman v. Young, 31 Pa. 306; Hartupee v. Pittsburgh, 97 Pa. 107; Citizens Trust and Surety Company v. Howell, 19 Pa. Superior Ct. 255.

The assignments of error are overruled and the judgment is affirmed.

Adopted by the court.

