## DeCesare *v.* Marino, Appellants (No. 1).

*Mechanics' liens—Building contracts—Construction—Right to file liens—Execution.*

A stipulation that a contractor shall furnish releases from mechanics' liens before the last installment of the contract price will be paid, will not preclude the filing of a mechanic's lien by the contractor in advance of the furnishing or procuring of such releases. Such an agreement is not a covenant against liens and in such case the contractor has the right to file a mechanic's lien for the work done and materials furnished, even though subcontractors and workmen have filed liens. The contractor has the right to file his claim, and there is no reason why he cannot proceed by scire facias to liquidate the amount due thereon. Under such circumstances, however, the court would restrain the execution until the liens were paid and satisfied.

Argued December 2, 1919.    Appeals, Nos. 139 and 140, Oct. T., 1919, by defendant, from judgment of C. P. Northampton County, Sept. T., 1917, Nos. 46 and 47, Lien Nos. 7372 and 7373, July T., 1917, in the cases of John DeCesare v. Paul Marino and Mary Marino. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Sci. fa. sur mechanic's lien.    Before STEWART, P. J.

The facts are stated in the opinion of the Superior Court.

Verdicts for plaintiff for $795.99 and for $876.24, and judgment thereon.    Defendant appealed.

34, (1920).] Assignment of Errors—Opinion of the Court.

*Errors assigned* was the charge of the court, answers to points and refusal of defendants' motion for judgment non obstante veredicto.

*Harry C. Cope,* and with him *Kirkpatrick & Maxwell,* for appellants.—The provision for the release of liens in the contract was a covenant against liens: Taylor v. Preston, 79 Pa. 443; Campbell v. Schrum, 3 Watts 60; Corson v. Mulvany, 49 Pa. 98; Blood v. Crew Levick Co., 171 Pa. 334.

Where the last work done was for only one of the houses that date cannot be used for the other house: Wilson v. Forder, 30 Pa. 132; Bradley v. Gaghan, 208 Pa. 513; Shannon v. Broadbent, 162 Pa. 199.

*J. W. Paff,* of *Smith, Paff & Laub,* for appellee.— The appellee never waived his right to file a lien: Rynd v. Natatorium, 173 Pa. 237; Nice v. Walker, 153 Pa. 123; Pennock v. Locust Realty Co., 224 Pa. 437; Wyss-Thalman v. Beaver Valley Brewing Co., 216 Pa. 443; Horwarth et al. v. Chester City Presbyterian Church, 162 Pa. 17; Matthew Schmidt v. Palmer Garden Improvement Co., 162 Pa. 211.

OPINION BY LINN, J., February 28, 1920:

Three questions are raised: 1. Were appellants entitled to binding instructions? 2. If not, was the matter of substantial performance properly submitted to the jury? 3. Was the lien against the southern house filed in time?

The cases were tried together below, presented together here and will be disposed of in one opinion.

On June 8, 1915, Marino and his wife made a contract with appellee to "erect, build, set up and finish a double brick dwelling" according to certain plans and specifications by September 1, 1915, for the sum of $2,800, payable $500 on completion of the cellar, $900 on completion of the roof, "and the remainder $1,400 upon the

completion of the work and the production of a proper release of mechanics' and other liens for or by reason work and material furnished for and on account of said building." On August 31, 1915, Marino alone and appellee made a supplementary contract, providing that appellee should tear down the old building on the site, re-use the suitable old lumber and do various other things specified, for $218 payable "within six months of the date of this agreement." Extras were also ordered orally.

The work was done and appellants made the first two payments but refused to pay the balance due, as appellants state in the history of the case, "until plaintiff produced a proper release of liens and made allowance for defective workmanship, etc., and delay." Apparently, because of the dispute concerning the allowance claimed, appellee on August 16, 1916, filed two liens one against each of the houses.

1. Binding instructions for appellants would have been wrong. They complain that "DeCesare failed to produce the release called for even up to the time of trial, though it was a condition precedent to his being entitled to his money and was allowed to recover." This is a proceeding in rem; appellee has not yet been allowed to recover his money; he may liquidate the amount due, leaving it to the court below to restrain execution, if and as the necessities of the case require. The provision for the payment of ".......the remaining $1,400 upon the completion of the work and the production of a proper release of mechanics' and other liens for or by reason work and material furnished for and on account of said building" does not mean that no liens shall be filed; ".......Instead of this being a covenant against liens it is a full recognition of the right to file liens by anybody having furnished labor or material": Rynd v. Natatorium, 173 Pa. 237. In Moore v. Carter, 146 Pa. 492, on a sci. fa. sur mechanic's lien filed by a contractor, it appeared that the contract provided

that "the contractor should furnish releases from all subcontractors and parties furnishing materials before the last payment should be made to him......"; at the trial, defendant offered in evidence three unsatisfied mechanics' liens filed by subcontractors and materialmen. Against objection, plaintiff met that evidence by offering the records of those liens showing the entry of satisfaction thereof after the date at which they were put in evidence by defendant; their admission was assigned for error and in dismissing the assignment, the court said: "The second and third specifications of error may be considered together, as they involve the same principle. The contract in evidence required releases from all contractors furnishing materials, to be produced at the time of the completion of the building, and before the payment under the contract was to be made. At the time the claim was filed and the scire facias issued, there were upon the records certain liens filed by materialmen, and it was claimed by the defendants that no right of action accrued until these liens had been satisfied. Upon the trial below, the plaintiff offered a release of these liens in evidence, and they were admitted under exception by the defendants. We think the releases were properly admitted. Although payment under the contract could not be compelled, there was nothing in its terms to deprive the plaintiff of the security of his lien under the act of assembly. He had a right to file his claim, therefore, and we see no reason why he might not proceed by scire facias to liquidate the amount due thereon. It is true, the court below would restrain an execution under such circumstances, until the liens were paid and satisfied. This is the proper practice."

2. Appellants also complain of several extracts from the charge relating to substantial performance. We have considered them in connection with the whole charge and the evidence on the subject and are satisfied that this part of the defense was fully and fairly submitted to the jury with intelligible instructions: Pressy

Opinion of the Court.    [74 Pa. Superior Ct.

v. McCormack, 235 Pa. 443; Smith v. Piano Co., 239 Pa. 496.

3. Appellants urge that the lien against the southern house was not filed in time; appellee produced evidence justifying a finding that work for or about that house was done as late as February 25, 1916; it was not contradicted; but appellants say that the court "virtually directed the jury to find that there was work done on February 25th for the south house." Though the learned trial judge said in his opinion refusing judgment non obstante veredicto that he may "have inadvertently charged the jury that they went into the cellar of the south house" on February 25th when he should have said that they worked for or about the southern house, the difference is immaterial in this case, as an examination of the evidence and the charge satisfies us that appellants were not prejudiced by the instructions to the jury on the subject.

The assignments of error are overruled and the judgments are affirmed.