## Steele v. Apollo Borough School District.

*School law—Contracts—Minutes of directors—Act of May 11, 1927.*

1. The fact that the minutes of a school board do not show how each member voted on a contract does not, under the Act of May 11, 1927, P. L. 965, invalidate the contract, if there is proof that a vote was actually taken as required by law.

*School law—Coal contract—Weighing coal—Waiver—Estoppel.*

2. Where a provision of a contract for coal for a school district provides that the coal shall be weighed on the scales of a private corporation, recovery can be had on the contract, although some of the coal was weighed upon the seller's scales, if it appears that the coal was received by the district with knowledge that some of it had not been weighed as the contract provided, that the amount received was equal to, if not in excess of, the amount specified, and that the district was in no way injured by the irregularity.

Rule for new trial. C. P. Armstrong Co., Sept. T., 1926, No. 277.

*C. O. Morris,* for plaintiff; *Harry C. Golden,* for defendant.

GRAFF, P. J., Aug. 1, 1927.—During the school year of 1925-1926, the plaintiff delivered coal to the defendant school district for the purpose of heating the school buildings. After advertising for bids, a written contract was entered into between the plaintiff and the defendant, by the terms of which the plaintiff agreed to deliver the coal required and the defendant agreed to pay therefor the sum of 12 cents per bushel. It was further stipulated that the coal should be weighed upon the scales of the Apollo Steel Company. This condition was also contained in the advertisement for bids. Steele weighed a part of the coal upon the scales and the remainder was weighed upon the scales at his mine. The plaintiff had requested that he be relieved from the requirement that the coal be weighed upon the Apollo Steel Company scales, for the reason that difficulty was experienced in finding the weighmaster. This request was refused, and subsequently the coal was weighed upon the scales, as required, when the weighmaster could reasonably be found. The coal was delivered by Steele and used by the defendant, which now refuses payment. Upon trial of the case, the jury found a verdict in favor of the plaintiff for the full amount of the claim. The case is now before us upon a motion for judgment *non obstante veredicto* and a motion for a new trial. Two reasons have been assigned in support of the motions.

The defendant first contends that the court erred in refusing defendant's point for binding instructions. The minutes of the school district disclose that the contract in question was duly authorized at a meeting of the board, but fails to disclose how each member voted upon the motion. The oral evi-

dence upon the trial is to the effect that the approval was unanimous. Defendant relies upon the requirement contained in section 403, article IV, of the School Code of May 18, 1911, P. L. 309, that the minute must show each member voted upon contracts for fuel involving more than $100. It has been held that the act must be strictly complied with and the aye and nay vote recorded: Mauch Chunk Township School District, 75 Pa. Superior Ct. 434; Garland v. Riebe, 78 Pa. Superior Ct. 567. It is provided, however, by the Act of May 11, 1927, P. L. 965, as follows: "That whenever heretofore the school directors of any school district shall have taken any action, performed any duty or exercised any power which by law required the affirmative vote of a majority, or greater proportion, of all the members of the board of school directors, and which by law was required to be recorded so as to show how each member of the board voted thereon—if such action or vote was actually taken or duty performed or power exercised by the board as required by law, the same shall be deemed and' is hereby made valid and legal, to all intents and purposes, notwithstanding the fact that the secretary of the school board, or the board, did not actually record on the minutes of the board the vote showing how each member voted, as required by law." This act was approved subsequent to the date of trial, but, nevertheless, specifically validates the action of the board, if the vote was actually taken as required by law, where the secretary failed to record how each member voted. The minutes show, at least, the approval of the majority of the board, while the oral testimony proves unanimous approval of the contract. Under these circumstances, it would be a useless thing to grant a new trial, for nothing could be gained thereby. The School Code requires the approval of the contract by a majority of the board, and the written record of the meetings of the board clearly proves this. The first reason is now without merit.

The second reason relied upon is that "the court erred in submitting to the jury the question of waiver." The written contract provided that the coal should be weighed upon the scales of the Apollo Steel Company. This condition was contained in the advertisement for bids. Admittedly, all of the coal was not weighed as required by the condition or stipulation, and therein Steele failed to comply with a term of his contract. However, the coal was, nevertheless, received and used by the school district. It is true that the request of Steele to be relieved from this condition was refused, but there is no evidence of any refusal to proceed with the contract. Undoubtedly, the delivery of the coal and use thereof was known to the board. No contract was made with any other person to supply the fuel. Nor is there any evidence whatever that full weight was not delivered. In fact, the evidence shows that Steele's scales allowed a greater amount than the scales of the Steel Company. The question of waiver of the condition heretofore mentioned was submitted to the jury. Defendant contends that it was not within the corporate powers of the board to waive this condition, and, therefore, such was error. We can agree that the board could not waive any condition contained in the advertisement for bids, as well as the contract itself. However, the defendant was not injured by submission of this question to the jury. Clearly, the plaintiff has substantially complied with his contract and is entitled to some compensation: Commissioners v. Sewickley Borough, 159 Pa. 194; Smith v. Cunningham Piano Co., 239 Pa. 496; Koch v. Oil City, 47 Pa. Superior Ct. 248. We are not unmindful of the rule that where the officers of a municipality are not legally authorized to enter into a contract, any attempted ratification of their action in making such contract is of no validity: Smith v. Philadelphia, 227 Pa. 423. In this case, the contract as made was

entirely legal and within the powers of the school district. A condition of that contract was violated by the vendor. The defendant had the right to refuse to continue with the contract, but did not take advantage of this privilege. The defendant could also treat the failure to perform the condition as a breach of warranty, as provided by the Sales Act of May 19, 1915, P. L. 543. No attempt was made to do so upon trial of the case. No contention is made that the defendant was injured by the failure of Steele to perform the condition. Nor was any evidence offered to prove that the full amount of the coal was not delivered, as required by the contract. All of the evidence in the case shows delivery of the coal, its receipt and use and refusal to pay for a technical reason. We conclude that the plaintiff was entitled to the verdict, and any error in submitting the question of waiver of a condition of the contract to the jury was harmless.

The reasons discussed are the only ones relied upon for a new trial, and we, therefore, conclude that the motion should be refused.

And now, Aug. 1, 1927, the motion for judgment *non obstante veredicto* is refused and the rule heretofore granted discharged.

*Eo die*, exception granted and bill sealed.

And now, Aug. 1, 1927, the motion for a new trial is refused, the rule heretofore granted discharged and judgment is directed to be entered on the verdict upon payment of the jury fee.