O'Hare *v.* McGee, Appellant.

Argued September 28, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Joseph B. Quinn,* and with him *Thomas J. Minnick,* for appellant.

*Samuel M. Israeli,* for appellee.

OPINION BY PARKER, J., February 1, 1935:

This is an action in assumpsit brought to recover a balance due on a contract for the installation of a heating and hot water system by plaintiff in defend-

ant's home. After trial by a judge in the municipal court without a jury, judgment was entered for the plaintiff. The defendant has appealed and complains of the refusal of her motion for judgment n. o. v. and of certain rulings by the court as to the admission of evidence.

The plaintiff made the following proposition which was accepted by the defendant: "152 N. 51st St., 10th Oct., 1930. Dear Miss McGee: In respect to heating of 243 N. Paxon, I will install closed hot water system, approximately 440 feet radiation, conceal all pipes in walls and floors, cover with mineral wool or hair felt, all pipes under floor in front bed room over porch. Set up a Richardson and Boynton boiler to take care of approximately 600 feet radiation. Install water back in same for domestic use during the winter, remove old heater, and re-arrange your R. & B. dome top heater for summer use domestic hot water, large heater to be set on not less than 4 inches of concrete and supplied by red top safety valve. Will also give 1 coat of asfaltum paint to all pipes in cellar and furnish gold leaf for 1 coat on radiators but will not put it on, for the sum of $500. Terms: $400 when material is ordered, balance when job is satisfactory to you."

The plaintiff promptly installed a heating plant and during the time the work was being done the defendant paid the plaintiff three hundred dollars and subsequently paid twenty-five dollars. She now refuses to pay the balance on the theory that there was not a substantial compliance with the terms of the contract in that the radiation furnished and the capacity of the boiler installed were less than that contracted for, and for the reason that the system was not satisfactory to her. We will review the material evidence in a light most favorable to the plaintiff, who has a judgment, as we are required to do.

The plaintiff and an expert, a heating engineer, testified that the system as installed was adequate to properly heat the house and supply hot water. The engineer testified that the radiation required for the proper heating of the house was 356 feet "standing radiation" and that 364 feet was the amount actually installed; that, in addition, twenty-five per cent should be added as the equivalent of radiation required for the hot water equipment; that the boiler had a rated capacity of 850 feet radiation, and 450 feet "carrying capacity for radiation," an amount more than adequate for heating the house and furnishing hot water. In addition, there was evidence showing that the system was used for several years and that defendant assigned as a reason for not paying the balance due on the contract that her funds were tied up in a closed bank. Plaintiff further testified that only two complaints were made by defendant prior to the institution of this suit, three years after the work was done. She complained of the system for heating hot water and plaintiff promptly installed a larger water-back which remedied that defect. Later she complained that one radiator did not work and plaintiff discovered that it was due to defendant's covering it with clothes and that when these were removed the defect was corrected.

"Where a party, acting honestly, and intending to fulfil his contract, performs it substantially, but fails in some comparatively unimportant particulars, the other party will not be permitted to enjoy the fruits of such imperfect performance, without paying a fair compensation according to the contract, receiving a credit for any loss or inconvenience suffered": Danville Bridge Co. v. Pomroy & Colony, 15 Pa. 151, 159; Smith v. Cunningham Piano Co., 239 Pa. 496, 86 A. 1067.

The primary purposes of the installation were to

heat the house and to furnish hot water. The court has found that the equipment was adequate for that purpose, that it was retained for three years without objections that were material and without a request to remove the system, and that an honest effort was made by plaintiff to comply with the contract. The complaint is not that the system did not heat the house, but that the number of feet of radiation called for were not supplied. It will be noted, however, that the figures given in the contract are approximate, which allowed some leeway. We are of the opinion that the performance was such that the plaintiff was entitled to recover the contract price, less a sufficient sum to compensate defendant for any loss sustained by her due to plaintiff's failure, if any, to give strict performance: Beyer v. Mountz, 60 Pa. Superior Ct. 22; Standard R. B. Co. v. Hub Mach. W. & C. Co., 61 Pa. Superior Ct. 14. There was not only an absence of any proof of a loss sustained by the defendant by reason of a failure to comply strictly with the contract, but there was not any proof by which the damage occasioned by any alleged defect could be measured. The defendant having retained the goods and having made no request for their removal, and there being a substantial compliance with the contract, the burden was upon her to show the amount of damage, if any, suffered by her on account of such defects.

The contract provided further that the "job was to be satisfactory" to the defendant, and she now asserts that it was not satisfactory. "To justify a refusal to accept ...... on the ground that it was not satisfactory, the objection should be made in good faith. It must not be merely capricious:" Singerly v. Thayer, 108 Pa. 291, 298, 2 A. 230; Thaler Bros. v. Greisser C. Co., 229 Pa. 512, 518, 79 A. 147; Adams Radiator Works v. Schnader, 155 Pa. 394, 26 A. 745. In the

case last cited, the contention of the defendant was sustained, but only after a test of the heating system furnished proof that the objection was not groundless or capricious. In the present case, the court sitting as a jury has found that the objection was not made in good faith but was capricious. The evidence we have heretofore recited, together with the facts that the system was retained without objection, that the defendant excused her non-payment by reason of the banks being closed, and that she has been unable to give any substantial ground for her complaints, are ample to support the finding.

Objection was made to the receipt of evidence as to whether the system was sufficient to heat the house. This was clearly competent as bearing on the question of substantial compliance and also on the question of good faith upon the part of the defendant in asserting that the work was not satisfactory: Adams Radiator Works v. Schnader, supra.

The third assignment of error raises nothing for our determination. The question objected to was answered and a motion was not made by plaintiff to strike it from the record. Defendant therefore had full benefit of the answer and was not harmed.

Judgment affirmed.